

**DLA Piper LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
www.dlapiper.com

Christopher M. Strongosky
Christopher.Strongosky@dlapiper.com
T   973.520.2550
F   973.520.2551

July 7, 2021
*Via CM/ECF*

The Honorable Julien Xavier Neals, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

**Re:**   ***Smith & Wesson Brands, Inc., et al. v. Gurbir S. Grewal, et al.***
          ***Case No. 20-cv-19047-JXN-ESK***

Dear Judge Neals:

      We represent Smith & Wesson in the above-referenced matter, currently pending before this Court.  In the suit, Smith & Wesson has presented threshold constitutional challenges to the Attorney General's October 13, 2020 administrative subpoena (the "Subpoena").

      We write in response to the Attorney General's July 2, 2021 Letter (Dkt. No. 36) (the "Letter"), regarding the Superior Court of New Jersey's recent decision in *Grewal v. Smith & Wesson Sales Co., Inc., et al.*, No. C-25-21 (the "Decision").  Later this week, Smith & Wesson will request that the Superior Court stay its Decision while Smith & Wesson pursues an appeal.

      The Attorney General's Letter mischaracterizes Smith & Wesson's suit before this Court as "seeking to prevent the state's investigation into whether Smith & Wesson violated New Jersey's consumer protection laws . . . ."  Letter at 1.  The Amended Complaint alleges no such thing, however.  Rather, the pleading sets forth detailed factual allegations, with ample citation to the public record, alleging that the Subpoena is the latest step in a larger campaign waged by the Attorney General against Smith & Wesson because, and only because, Smith & Wesson publicly advocates a different viewpoint regarding the Second Amendment and firearms than that held by the Attorney General.  Through this action, Smith & Wesson has asked this Court to decide its claims pertaining to threshold issues of the constitutionality of the Subpoena, as federal courts often do, because the issuance of the Subpoena constitutes viewpoint discrimination and retaliation, and chills Smith & Wesson's exercise of its First and Second Amendment rights, among other constitutional violations.

      Those federal claims were not, and could not have been, properly resolved by the state court, nor could the state court have enjoined the Attorney General's investigation – a remedy that Smith & Wesson seeks from this Court.  The state court action is a garden-variety motion to compel proceeding that the Attorney General himself has referred to as a "quotidian subpoena dispute."



Hon. Julien Xavier Neals
July 7, 2021
Page Two

The state court's Decision simply ordered production pursuant to that motion, and did not address most of the threshold constitutional issues regarding enforceability of the Subpoena.

Additionally, there is no merit to the Attorney General's unsupported assertion that the Decision "provides even further support for Defendants' argument that this Court should abstain pursuant to *Younger* and dismiss this action." Letter at 2. If anything, the Decision establishes the opposite – that abstention is not appropriate in this case. The Attorney General still cannot demonstrate any of the three "exceptional circumstances" required by *Younger* – namely, (1) "ongoing state criminal prosecutions," (2) "quasi-criminal" "civil enforcement proceedings," or (3) proceedings involving certain orders "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 81 (2013). It is undisputed that the Attorney General is not criminally prosecuting Smith & Wesson. Nor does the state court's order to produce documents transform the state court motion-to-compel proceeding into a "quasi-criminal" one. The Decision simply reinforces what the Attorney General readily admits: that the state court case involves a routine subpoena enforcement proceeding outside the scope of abstention. *See* Dkt. No. 26 (Mar. 15, 2021 Tr.) at 16-18; Dkt. No. 29-1 at 3, 14 n.9.

As for *Younger's* third "exceptional circumstance," there has been no order from the state court "uniquely in furtherance of the state courts' ability to perform their judicial functions." *See* Dkt. No. 30 at 8-9. Nor could there be. The issue before this Court is the overriding constitutional limitation on State power. As the Supreme Court held in *Mitchum v. Foster*, the purpose of section 1983 claims is "to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law, whether that action be executive, legislative, or judicial." 407 U.S. 225, 242 (1972) (citation and internal quotations omitted). This is exactly what Smith & Wesson asks this Court to do here.

The Decision also does nothing to address the Attorney General's inability to meet the "additional" factors set forth in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*. *See Sprint*, 571 U.S. at 81. The failure to meet any one of these factors, standing alone, renders abstention inappropriate. The Decision confirms Smith & Wesson's argument that it has not been offered "an adequate opportunity to raise [federal] challenges" in the state action. The state court expressly declined to even consider most of the core constitutional issues, rejecting Smith & Wesson's argument that "all constitutional issues related to a subpoena [must] be resolved before it can be enforced." Decision at 8-9.

The Decision also confirms Smith & Wesson's argument that it does not have an adequate remedy in state court. The state court is acting within the narrow confines of its ordinary supervision of a subpoena, a process that leaves it without authority to enjoin the Attorney



Hon. Julien Xavier Neals
July 7, 2021
Page Three

General's unlawful targeting of Smith & Wesson. *See* N.J.S.A. § 56:8-6; N.J.R. Civ. P. 1:9-6(a)-(b). In short, the Decision presents no additional reasons to abstain under *Younger*, and such reasons were nonexistent in any event.

In his Letter, the Attorney General also provides a selective summary of the Decision. But he ignores obvious errors in the state court's analysis. By way of example:

- The state court erroneously declined to follow New Jersey's strict "first-to-file" rule, which requires a subsequently filed action to be stayed when it involves the same or similar issues as an earlier-filed action. *Sensient Colors Inc. v. Allstate Ins. Co.*, 193 N.J. 373, 387 (2008). The state court's discussion of this issue (which took up the majority of the court's legal analysis) was based on an erroneous finding that the rule only applies to actions filed in separate states (*see* Decision at 6). But under New Jersey law, the first-to-file rule applies equally where there is a first-filed federal action and a subsequently filed state court action filed in the same state, as is the case here. *See Kaselaan & D'Angelo Associates, Inc. v. Soffian*, 290 N.J. Super. 293, 300 (App. Div. 1996). If anything, the state court's flawed finding that "special equities" exist sufficient to ignore the first-filed rule reinforces the absence of an appropriate remedy in state court. The essence of that decision is that the mere filing of a well-founded complaint in federal court is a "tactical maneuver" that *ipso facto* deprives federal courts of jurisdiction. That cannot be the law.

- The state court then devoted a scant half-page to the Supreme Court's ruling in *NAACP v. Alabama*, 357 U.S. 449 (1958), which holds that threshold constitutional issues must be resolved before any production of documents can be compelled. The state court erred because it minimized *NAACP* by limiting its application to cases involving freedom of association. But *NAACP* discussed the trampling of constitutional rights that would occur if subpoenas were enforced without regard to their validity under the Constitution. Those prophylactic principles have application beyond the freedom of association context, and courts have so found. *See, e.g.*, *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, No. 20-MC-80141-VKD, 2020 WL 7202818, at *7 (N.D. Cal. Dec. 7, 2020); *In re Rule 45 Subpoena Issued to Cablevision Sys.*, No. MISC 08–347 (ARR)(MDG), 2010 WL 2219343, at *7-*11 (E.D.N.Y. Feb. 5, 2010).

- The state court justified its decision in part by rejecting Smith & Wesson's argument that the Subpoena targets protected opinion-based statements, and not anything remotely sounding in fraud. Decision at 11. Specifically, the state court found that the Subpoena's opinion-related topics (which include such subjects as whether Smith & Wesson's products enhance one's lifestyle or make it easier for a person to defend themselves) were not opinion, but rather, capable of being quantified. But the state court gave no indication as



Hon. Julien Xavier Neals
July 7, 2021
Page Four

to how such opinions can be quantified, and obviously they cannot be. Moreover, the Attorney General already admitted to the state court that he had no "anchor" for the Subpoena – *i.e.*, nothing that even suggested a potential Consumer Fraud Act violation. And nowhere does the state court address the "chilling effect" of the Attorney General's conduct on First and Second Amendment rights.

- Related to the foregoing, the state court did not address the facial constitutional invalidity of the one basis proffered for the alleged Subpoena, New Jersey's Hazardous Products Regulation. The omission underscores Smith & Wesson's argument that the constitutional issues before this Court cannot adequately be addressed by the state court, and are properly before this Court. As Smith & Wesson has explained to this Court, *see* Dkt. No. 30 at 16-17, the regulation as applied to Smith & Wesson would unconstitutionally compel speech by forcing Smith & Wesson to provide disclosure regarding New Jersey's laws or suffer sanctions for not doing so.

Respectfully submitted,

*s/ Christopher M. Strongosky*

Christopher M. Strongosky

CMS/dsb