

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

## State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 116
TRENTON, NJ 08625-0116

ANDREW J. BRUCK
*Acting Attorney General*

MICHELLE L. MILLER
*Director*

July 30, 2021

**VIA ECF**

The Honorable Julien Xavier Neals, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re: *Smith & Wesson Brands, Inc. v. Gurbir S. Grewal, et al.*
     Docket No. 20-cv-19047-JXN-ESK

Dear Judge Neals:

  This office represents the Defendants in the above-referenced matter. Earlier this evening, counsel for Smith & Wesson sent a letter advising (1) that a decision was pending as to Smith & Wesson's emergent motion to the New Jersey Appellate Division seeking a stay of the New Jersey Superior Court's June 30, 2021 order that directed Smith & Wesson to fully respond to the investigative subpoena within thirty days, and (2) that Smith & Wesson anticipated seeking a temporary restraining order against the enforcement of the subpoena should the Appellate Division (which had entered an interim stay) deny the motion for a stay.



HUGHES JUSTICE COMPLEX • TELEPHONE: 609-376-2787 • FAX: 609-633-7434
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

Yesterday, the Appellate Division actually already issued an order denying Smith & Wesson's motion for an emergent stay, finding no merit in Smith & Wesson's claims of irreparable harm and on the merits. A copy of that order is provided as Exhibit A to this letter. The Appellate Division's ruling stated in relevant part:

> Smith & Wesson seeks to stay execution of the trial court's order dated June 30, 2021. We have considered the application in light of the criteria in [*Crowe v.*] *DeGioia*, 90 N.J. [126], 132-34 [(1982)], and conclude [Smith & Wesson] has not established it would be irreparably harmed if a stay and emergent relief are denied. Additionally, the trial court did not abuse its discretion in granting enforcement of the subpoena based on the finding that the information requested was relevant and should not be quashed as unconstitutional. Moreover, there is no indication the subpoena was oppressive or unreasonable. With respect to the federal matter, the trial court properly determined this litigation should not be stayed under the first-filed rule as set forth in the trial court's comprehensive written decision. Accordingly, [Smith & Wesson's] application for emergent relief is denied.
>
> [*See* Exhibit A at 3.]

In short, the Appellate Division's order provides further support for Defendants' argument that the New Jersey state courts are the appropriate forum to address Smith & Wesson's objections to the subpoena and that this federal action should be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In effect, Smith & Wesson is seeking an emergency order from this Court effectively nullifying the state court's decision to enforce a subpoena, even though the relevant New Jersey appellate court found no error justifying such a stay. That is simply not the role of a federal court. Not only that but the Appellate Division's decision further confirms that Smith & Wesson's assorted constitutional claims lack merit and that Smith & Wesson will not suffer irreparable harm from simply turning over documents.

As such, Defendants will oppose any application in this Court that seeks to stay the enforcement of the Superior Court's order – especially after Defendant voluntarily withdrew its prior TRO request and then waited four months before choosing to file one again. Smith & Wesson had a chance to have all its arguments heard in state court where this case belongs, and the state court simply found its claims wanting.

July 30, 2021<br>Page 3

Thank you for your kind consideration of this submission.

      Respectfully submitted,

      GURBIR S. GREWAL
      ATTORNEY GENERAL OF NEW JERSEY

      By: /s/ Robert J. McGuire
      Robert J. McGuire
      Deputy Attorney General

cc:  All counsel (via ECF)

# EXHIBIT A

ORDER ON EMERGENT MOTION
---------------------------

| | |
|---|---|
| GURBIR S. GREWAL, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, AND KAITLIN A. CARUSO, ACTING DIRECTOR OF THE NEW JERSEY DIVISION OF CONSUMER AFFAIRS, V. SMITH & WESSON SALES CO., INC. A/K/A AMERICAN OUTDOOR BRANDS SALES CO., A/K/A SMITH & WESSON CORP., | SUPERIOR COURT OF NEW JERSEY APPELLATE DIVISION DOCKET NO.  A-003292-20T2 MOTION NO.  M-006217-20 BEFORE      PART P JUDGES:     THOMAS W. SUMNERS JR.             LISA A FIRKO |
| EMERGENT MOTION FILED: 07/26/2021 | BY: SMITH & WESSON SALES COMPANY |
| ANSWER FILED: 07/28/2021 | BY: GURBIR S. GREWAL, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY |

ORDER
-----

THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS 29th day of July, 2021, HEREBY ORDERED AS FOLLOWS:

MOTION BY    APPELLANT

MOTION FOR STAY:                    DENIED

SUPPLEMENTAL:

Respondents commenced an investigation to determine whether appellant, which manufactures, advertises, and sells firearms, violated the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, through its advertising and marketing practices.  In particular, respondents' preliminary investigation suggested that appellant's advertisements to New Jersey consumers might mislead an individual owning a Smith & Wesson firearm in respect of perceived safety and safety in the home.  Respondents also took the position that some of appellant's advertisements in the State do not disclose the concealed carry of a firearm is unlawful absent a permit.

1

In furtherance of their investigation, on October 14, 2020, respondents served a subpoena on appellant seeking information as to whether it made misleading statements or omissions relative to the safety, efficacy, and/or benefit of the firearms it markets to citizens of this State. After requesting a one-month extension to respond to the subpoena, appellant advised it would not produce any documents in response to the subpoena, which sought copies of "advertisements, studies, analyses, and/or evaluations" either "substantiating, disproving, or otherwise concerning claims in its advertisements."

On December 15, 2020, appellant filed a lawsuit against respondents in the United States District Court for the District of New Jersey alleging the issuance of the subpoena violates the U.S. Constitution. Smith & Wesson Brands, Inc., et al. v. Grewal, et al., No. 20-cv-19047 (D.N.J.).

On February 12, 2021, respondent filed a complaint and order to show cause in the Chancery Division seeking compliance with the subpoena, which was granted on February 22, 2021. On March 11, 2021, appellant filed a cross-motion to dismiss, stay, or quash the subpoena, which was denied on June 30, 2021. The trial court ordered compliance within thirty days and concluded the subpoena is "reasonably related to a legitimate purpose under the [CFA]." The judge noted the similarity to requests made to "other industries"; rejected appellant's arguments that the subpoena violates its constitutional rights, and "did not reflect an improper State motive." The judge also determined that responding to the subpoena did not have to await resolution of the federal lawsuit because appellant made a "tactical" or "unnecessary" maneuver by initially filing in federal court.

On July 22, 2021, this court granted appellant's application to file an emergent motion and stayed the June 30, 2021 order as to paragraph one pending further order of this court. Paragraph two of the June 30, 2021 order remained in full force and effect.

The standards for emergent relief are clear. A party seeking injunctive relief, such as a stay, must demonstrate that: (1) the moving party will suffer irreparable harm if the injunction does not issue; (2) the claim for relief is based upon an established legal right; (3) the moving party has a substantial likelihood of success on the merits of the case; and (4) the balance of the equities favor the moving party. Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982).

A subpoena may be employed as a method to obtain pre-trial discovery. R. 1:9-2; R. 4:14-7. Rule 4:10-2 governs the broad scope of discovery. Under Rule 4:10-2(a), "parties may obtain discovery regarding any non-privileged matter that is relevant to the subject of a pending action or is reasonably calculated to lead to the discovery of admissible evidence." In re Liquidation of Integrity Ins. Co., 165 N.J. 75, 82 (2000). Relevant

2

evidence is "evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. Inadmissibility of evidence is not a ground for objection "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." R. 4:10-2(a).

The court on motion, "may quash or modify the subpoena or notice if compliance would be unreasonable or oppressive." R. 1:9-2. We review a trial judge's decision to quash a subpoena for an abuse of discretion. In re Subpoena Duces Tecum, 214 N.J. 147, 162 (2013).

Defendant Smith & Wesson seeks to stay execution of the trial court's order dated June 30, 2021. We have considered the application in light of the criteria in De Gioia, 90 N.J. at 132-34, and conclude defendant has not established it would be irreparably harmed if a stay and emergent relief are denied. Additionally, the trial court did not abuse its discretion in granting enforcement of the subpoena based on the finding that the information requested was relevant and should not be quashed as unconstitutional. Moreover, there is no indication the subpoena was oppressive or unreasonable. With respect to the federal matter, the trial court properly determined this litigation should not be stayed under the first-filed rule as set forth in the trial court's comprehensive written decision. Accordingly, defendant's application for emergent relief is denied.

FOR THE COURT:

LISA A. FIRKO, J.A.D.

C-000025-21
ESX-C-000025-21     ESSEX
ORDER - REGULAR MOTION
TLP

3