EXHIBIT 23



## REQUEST FOR QUALIFICATIONS FOR

## SPECIAL COUNSEL FOR
## FIREARMS SAFETY
## LITIGATION

Date Issued: August 16, 2018

Question & Answer Cut-off Date: September 17, 2018

Proposals Due: October 17, 2018

GURBIR S. GREWAL

ATTORNEY GENERAL OF NEW JERSEY

MICHELLE L. MILLER

DIRECTOR, DIVISION OF LAW

STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF LAW

Richard J. Hughes Justice Complex, 25 Market Street, PO Box 112, Trenton, NJ 08625-0112

**1.0    PURPOSE AND INTENT**

The Attorney General of New Jersey, through the Department of Law and Public Safety, Division of Law, serves as the legal representative and counsel for the departments, boards, offices, commissions, and other instrumentalities of State government, its officers, and employees.  The Attorney General issues this Request for Qualifications intending to select Special Counsel for the Scope of Services as described in Section 3.0 below.

1.1    The Attorney General will designate one or more attorneys from the Division of Law and/or Office of the Attorney General in the Department of Law and Public Safety who will be the sole point(s) of contact for all matters pertaining to this engagement and who will oversee and coordinate the activities of Special Counsel.

1.2    The firm selected to serve as Special Counsel must comply with all local, State, and federal laws, rules, and regulations applicable to the engagement and to the services to be performed thereunder.

1.3    Compensation for a firm selected as Special Counsel shall be consistent with the provisions set forth in Section 8.0 below.

1.4    A firm selected to serve as Special Counsel must designate for each matter assigned pursuant to this Request for Qualifications one lawyer in that firm who will be the principal point of contact for that matter and who will be primarily responsible for handling the matter on behalf of the State.  The firm may nonetheless, consistent with the requirements of the *Outside Counsel Guidelines,* available for review at  http://www.nj.gov/oag/law/pdf/rfqs/oag-dol-Outside-

Counsel-Guidelines.pdf, described in Section 5.0 below, utilize more than one lawyer from the firm to provide legal services in any one matter.

**2.0    MINIMUM REQUIREMENTS**

AT A MINIMUM, RESPONDING FIRMS MUST HAVE THE FOLLOWING QUALIFICATION:

Substantial experience in litigation pertaining to reducing or seeking damages for the impacts of firearm violence or similar public safety impact litigation claims, under federal law and New Jersey law.

IN ADDITION, AT A MINIMUM:

Each lawyer whom the firm proposes will be primarily responsible for matters assigned under this Request for Qualifications must have five or more years of experience in public safety impact litigation.

**3.0    SCOPE OF SERVICES**

**3.1**    The firm(s) selected as Special Counsel will be required to handle all aspects of providing representation to the Attorney General in his role as Chief Law Enforcement Officer, the New Jersey State Police, the New Jersey Division of Criminal Justice, the Commissioner of Health as the State official responsible for public health, or other State officials or agencies impacted by gun safety issues in litigation seeking to remedy and reduce gun violence impacts in the State of New Jersey.

**3.2**    If legal action is approved by the Attorney General, the firm(s) may be retained to prepare, commence, and manage litigation on behalf of the Attorney General, the New Jersey State Police, the New Jersey Division of Criminal Justice, the

Commissioner of Health or other State officials or agencies, under the supervision and control of the Attorney General. Preparation may include significant pre-filing evaluative and investigative work. Litigation will include: drafting pleadings, motions, briefs and all other papers to be filed in court; conducting and responding to discovery; attending all pre-trial, trial and post-trial court appearances; conducting settlement negotiations and handling appeals. Counsel will also be expected to handle all issues arising in the litigation, including all issues that must be raised in compliance with the entire controversy doctrine.

## 4.0   TERM

The term of the Special Counsel designation made pursuant to this Request for Qualifications will be from the notification that the firm has been designated and approved as Special Counsel for Firearms Safety Litigation until a new list of firms is designated and approved for the same practice area, and for a sufficient period to complete all matters for which the firm has been retained.

## 5.0   OUTSIDE COUNSEL GUIDELINES

Counsel designated as Special Counsel and retained on any specific matter shall comply with the *Outside Counsel Guidelines*. The *Outside Counsel Guidelines* may be updated from time to time. If your firm is designated as Special Counsel, by submitting a proposal, you agree that whenever your firm is retained, it shall abide by the *Outside Counsel Guidelines* as written, as well as with any updates that may be made during the term of the designation.

5.1   CONFLICT OF INTEREST

Section III of the *Outside Counsel Guidelines* requires that counsel be free of any conflict of interest. Please note that the State, as a public entity, is precluded by the Rules of Professional Conduct from waiving conflicts of interest. See RPC 1.8(l) and RPC 1.9(d). If your firm is designated as Special Counsel, you have a continuing obligation during the term of the designation to disclose to the Attorney General any actual or potential conflicts. Additionally, retained counsel shall not disclose any confidential information learned or received in any way as part of a retention, either during the retention or at any time after the retention has concluded.

5.2   ELECTRONIC BILLING

Special Counsel retained for a specific matter shall be required to electronically bill the Division of Law for their services in accordance with the *Outside Counsel Guidelines*.

5.3   COSTS

Special Counsel shall have resources sufficient to advance all costs, including the costs of the preparatory work described below and the costs of any necessary experts. Billing for costs shall be done in accordance with the *Outside Counsel Guidelines*.

**6.0   REQUEST FOR QUALIFICATIONS PROCESS**

6.1   SUBMISSION

Proposals must be submitted in PDF format to the following email address: OutsidecounselRFQ@law.njoag.gov. The subject line must be marked "Special

Counsel Request for Qualifications for **FIREARM SAFETY LITGATION."** In addition, one original executed copy, including the cover sheet provided in Exhibit B, all forms and certification required in Exhibit A, and a completed Diversity Questionnaire provided in Exhibit C, must be marked "Special Counsel Request for Qualifications for **FIREARM SAFETY LITGATION"** and delivered no later than 3:00 p.m. on the proposal due date appearing on the cover of this Request for Qualifications to:

Joseph Fanaroff
Assistant Attorney General
DIVISION OF LAW
R. J. HUGHES JUSTICE COMPLEX
First Floor-West Wing
P.O. Box 112
25 Market Street
Trenton, New Jersey 08625-0112

**PLEASE NOTE THAT PDF SUBMISSIONS CAN NOT EXCEED 25 MB DUE TO NETWORK LIMITATIONS.**

6.2     REQUEST FOR QUALIFICATIONS QUESTION AND ANSWER PERIOD

The Division of Law will accept questions pertaining to this Request for Qualifications from all potential bidders electronically.    Questions shall be directed to David C. Apy, AAG, at the following email address:

rfqquestions@law.njoag.gov

Please note that the subject line of your email must specifically be marked "Question about Special Counsel Request for Qualifications for **FIREARM SAFETY LITGATION."** Questions will be accepted until 5:00 p.m. on the date for question and answer cut off appearing on the cover of this Request for

Qualifications. Answers to all questions received will be published solely as an addendum posted on the Division of Law's website.

6.3   ADDENDA TO THE REQUEST FOR QUALIFICATIONS

In the event that it becomes necessary to clarify or revise this Request for Qualifications, such clarification or revision will be by addendum.   Any addendum to this Request for Qualifications will become part of this Request for Qualifications and part of any designation of a firm as Special Counsel as a result of this Request for Qualifications. The due date for proposals may be changed by an addendum.

6.4   SOLE RESPONSIBILITY OF THE BIDDER TO MONITOR FOR ADDENDA.

It is the sole responsibility of the bidder to make itself knowledgeable of any addendum to this Request for Qualifications.

Any addendum will be published solely on the Division of Law's website:

http://www.nj.gov/oag/law/rfqs.htm

No addendum will be mailed to any bidder, even if the bidder received the Request for Qualifications by mail.

6.5   PUBLIC RECORDS

All documents and information submitted in response to this Request for Qualifications generally shall be made available to the general public as required by applicable law.

6.6   STATE NOT RESPONSIBLE FOR COSTS

The State shall not be responsible for any expenses in the preparation and presentation of the proposals and oral interviews, if any, or for the disclosure of

any information or material received in connection with the solicitation, whether
by negligence or otherwise.

7.0    **REQUIRED COMPONENTS OF PROPOSAL IN RESPONSE TO THIS REQUEST FOR QUALIFICATIONS**

Proposals submitted in response to this Request for Qualifications must respond to each
of the following requests in the order indicated. Please do not place each response on a
separate piece of paper. Please provide the information requested below for all counsel
who may perform any of the requested services.

7.1    COVER SHEET

Complete the cover sheet attached as Exhibit B with the name, address of your
firm, contact information for this proposal and the number of attorneys in your
firm. The number of attorneys in your firm shall be used to determine if your
firm is a large or small law firm for purposes of developing lists of large and
small firms to be designated as Special Counsel in order to further the State's
interests in promoting small businesses and facilitate the handling of matters for
the State.

7.2    PROFILE OF EACH FIRM

A.    Indicate the date the firm was established.

B.    Describe the firm's specialty and/or area(s) of expertise.

C.    Identify the number of employees in the firm in the following categories:
licensed attorneys; legal support staff; other support staff.

D.    Indicate whether the firm is a small firm or a medium/large firm. For the
purposes of this Request for Qualifications, a small firm has 20 or less

full- or part-time attorneys.  Any firm with more than 20 full- or part-time attorneys will be deemed a medium/large firm.

E.    Describe the participation of women and minorities in the firm.  Please note the number of women partners and associates, and minority partners and associates, and indicate the percentage of the firm that is owned by women and by minorities.

F.    Provide a description of the firm's presence in New Jersey, if any.  Note the location of each office, the number of attorneys resident in each office, whether they are partners or associates and whether attorneys not licensed in the State of New Jersey will be assigned to provide any of the requested legal services if the firm receives a designation pursuant to this Request for Qualifications.

G.    Identify any State agency or department represented by the firm during the last five years.  For each matter, provide the name of the State agency or department, a description of the matter, the dates of the engagement and the name and contact information of the State employee responsible for overseeing the work of the firm on that matter.

H.    Identify any State agency or department before or against which the firm has regularly appeared on behalf of other clients.  Please note that the State, as a public entity, is precluded by the Rules of Professional Conduct from waiving conflicts of interest.  See RPC 1.8(l) and RPC 1.9(d).

I.    Identify any governmental entities, agencies, or political subdivisions, other than the State of New Jersey, that the firm represents or has

represented.  Include the time period during which the firm represented each such agency and the nature of the work performed.

J.  Describe the firm's approach to maintaining responsive communication with the Division of Law and keeping the State informed of problems and progress.

K.  Provide a representative listing of the firm's major private and public sector clients.

7.3  QUALIFICATIONS AND EXPERIENCE IN AREA OF LAW

A.  Identify and give the office location of each attorney who practices in the area of the law relevant to this Request for Qualifications.

B.  Please indicate the percentage of the firm's practice that is in this area.

C.  List all lawyers who have at least five years of experience in firearm safety/gun violence impact or similar impact litigation as described in Section 3.0 above, Scope of Services.

D.  State the qualifications and experience of the particular attorneys proposed to staff the work.  Demonstrate specifically how each of these attorneys meets the Minimum Requirements set forth in Section 2.0 above.  For each attorney that would be involved in handling the work as Special Counsel pursuant to this Request for Qualifications, provide detailed background information including information as to the areas listed below. Attach a resume for each attorney including:

a.  Education, including advanced degrees;

b.  Years and jurisdictions of admission to practice;

        c.       Number of years engaged in practice in the area of law relevant to this Request for Qualifications;

        d.       General legal or other relevant work experience including an indication of whether the individual has tried any cases and, if so, approximately how many;

        e.       Any professional distinctions in litigation (e.g., trial certification, teaching experience);

        f.       Area(s) of specialization; and

        g.       Office location of the attorney.

E.       As to the members of the firm who would be involved in handling the work as Special Counsel, describe the role each would play and the approximate percentage of the work that each would perform. Percentages for junior lawyers may be listed separately or in the aggregate.

F.       Describe the firm's approach, manpower, and technical resources to handle document intensive matters, including handling electronically-stored information. Indicate whether the firm uses a vendor for any aspect of these approaches, and if so when, for what, and to what extent.

7.4    Other Qualification Information

    A.    Identify all adverse determinations against the firm or any of its partners, associates or employees or persons acting on its behalf, with respect to actions, proceedings, claims, or complaints of any kind under any local, State, or Federal laws, regulations, court rules, or Rules of Professional Conduct.

    B.    Identify and describe in detail any indictments, convictions, or civil offenses arising directly or indirectly from the conduct of business by the firm or any of its partners, associates, employees, or agents.

    C.    Identify any material arrangements, relationships, associations, employment, or other contacts that may cause a conflict of interest or the appearance of a conflict of interest if the firm is retained as Special Counsel.

    D.    Identify the firm's malpractice insurer and describe the insurance limits.

    E.    Confirm that the firm covers litigation costs, any bonds required by a court, and any potential liability under Fed.R.Civ.P. 11.

    F.    Confirm that the firm agrees to abide by the *Outside Counsel Guidelines* billing procedures.

    G.    Confirm that upon retention, the firm will provide updated Ownership Disclosure, Affirmative Action Supplement with Affirmative Action Employee Information Report, and the certifications required by N.J.S.A. 9:44A-20.13, et seq. and N.J.S.A. 9:44-A20.26, et seq., and Executive Order 117 (2008), and Executive Order 117 (2005) as further explained in

Exhibit A. These forms are initially required by this Request for Qualifications and then required by law again at any retention.

**8.0   FEES**

8.1   It is anticipated that fees for the term of this Special Counsel designation and any retention as a result of the designation based upon this this Request for Qualifications will be based on a contingency fee percentage of the dollars recovered in the assigned firearm safety litigation, and is subject to appropriation.

8.2   For firearm safety matters addressed in this Request for Qualifications, the State will accept bid proposals as to the percentage rate of fee recovered that will constitute payment for services rendered.

8.3   If the Attorney General decides to retain a firm, retainer fee agreements will be negotiated by the Attorney General consistent with applicable law, but in no event will the percent rate of fee recovered by the firm be greater than the percentage provided in the firm's response to this Request for Proposal. In no event will the fee for specific retainer be determined by the firm making a fee application to the court.

**9.0   ADDITIONAL TERMS**

9.1   ADDITIONAL REQUIREMENTS FOR ALL OFFICE OF ATTORNEY GENERAL, DIVISION OF LAW RETENTION AGREEMENTS – EXHIBIT A

The Additional Requirements set forth in Exhibit A are material terms of any Retention Agreement resulting from this Request for Qualifications. Your proposal must include all of the forms and/or certifications required by Exhibit A. Note, moreover, that a firm selected as Special Counsel shall submit updated

certifications and forms if it is also retained for a specific matter, when required by law.

9.2   ADDITIONAL SUBMISSION REQUIREMENTS FOR ALL: OFFICE OF ATTORNEY GENERAL – DIVERSITY QUESTIONNAIRE, EXHIBIT C

Your proposal must include a completed Diversity Questionnaire, provided in Exhibit C.  Note, moreover, that a firm selected as Special Counsel shall submit updated certifications and forms if it is also retained for a specific matter, when required by law.

9.3   NO ENDORSEMENT

Designation as Special Counsel does not constitute an endorsement by the State of New Jersey, the Attorney General, or the Department of Law and Public Safety. A firm designated as Special Counsel may not promote or advertise its designation without permission of the Attorney General.

9.4   EFFECT OF SUBMITTING A PROPOSAL

Submission of a proposal in response to this Request for Qualifications will not bind or otherwise obligate the State of New Jersey to include the responding firm on the list of Special Counsel.

9.5   EFFECT OF INCLUSION ON LIST

Inclusion of a firm on the list of designated Special Counsel will not bind or otherwise obligate the State of New Jersey to retain the listed firm for legal services.  Inclusion on the list of designated Special Counsel will not guarantee any other form of employment or engagement.

9.6     ATTORNEY GENERAL AUTHORITY NOT CONSTRAINED

Nothing in this Request for Qualifications is intended to limit or constrain the discretion of the Attorney General in exercising any authority, duty, prerogative or power established or recognized by the Constitution, statutes, executive orders, regulations, case law, or other applicable law.

**10.0    SELECTION PROCESS**

10.1    PROPOSAL RESPONSIVENESS

All proposals will be reviewed to determine responsiveness.    The Attorney General may reject non-responsive proposals without evaluation, but may waive minor non-compliance.

10.2.    PROPOSAL MINIMUM QUALIFICATIONS

Proposals that fail to meet the Minimum Qualifications set forth in Section 2.0 above will be immediately rejected and will not be evaluated or ranked.

10.3    EVALUATION OF PROPOSALS

An evaluation committee, with a minimum of three members, will evaluate responsive proposals using the following evaluation criteria categories, separate or combined in some manner, and not necessarily listed in order of significance:

1.     Knowledge and experience of attorneys and firm;

2.     Resources of each firm; and

3.     Past experience of the State with each firm and/or attorneys.

10.4    RANKING AND RECOMMENDATION OF PROPOSALS

The evaluation committee will rank proposals based on the criteria in Section 10.3 above, and will recommend to the Attorney General for designation as Special

Counsel the firms whose proposals the committee finds to be most advantageous to the State. The recommended firms may be divided into two lists, medium/large firms (firms with more than 20 attorneys) and small firms (firms with 20 or less attorneys) in order to further the State's interests in promoting small businesses and facilitate the handling of matters for the State.

10.5   OPTIONAL INTERVIEWS OR ORAL PRESENTATIONS

The Attorney General reserves the right, in his sole discretion, to require interviews or oral presentations from the most qualified firms that submitted proposals prior to making a final determination.

10.6   DESIGNATION AND APPROVAL

The recommendation(s) are submitted to the Attorney General for his determination, in his discretion, as to which firm(s), if any, shall be designated as Special Counsel and his designations must be approved by the Governor, in his discretion.

10.7   NOTIFICATION

The Division of Law shall notify in writing any firm that is selected of its selection as Special Counsel and the firms designated as Special Counsel shall be posted on the Division of Law's website at: ***http://www.nj.gov/oag/law/rfqs.htm***

10.8   RESERVED RIGHTS

The Attorney General reserves the right to reject any and all proposals received in response to this Request for Qualifications when determined to be in the State's best interest, and to waive minor noncompliance in a proposal. The Attorney General further reserves the right to make such investigations as he deems

necessary as to the qualifications of any and all firms submitting proposals in response to this Request for Qualifications. In the event that all proposals are rejected or if the Attorney General, at any time, deems the number of qualified firms receiving designations as the result of this Request for Qualifications to be insufficient to meet the potential needs of the Division of Law, the State reserves the right to re-solicit proposals.

**11.0    SPECIAL COUNSEL DESIGNATIONS AND RETAINER AGREEMENTS**

11.1    SPECIAL COUNSEL DESIGNATION

A firm selected pursuant to this Request for Qualifications for designation as Special Counsel, with the approval of the Attorney General and the Governor, will be the subject of a Special Counsel designation, pursuant to N.J.S.A. 52:17A-13. A firm may not represent the State unless it is given a Special Counsel designation. A Special Counsel designation, however, is not a retention for a specific matter and does not entitle a firm to be retained for a specific matter. The terms and conditions set forth in this Request for Qualifications and any addenda shall be the terms and conditions of the Special Counsel Designation.

11.2    RETENTION LETTER

A firm may not represent the State unless it also executes a retention letter for a specific matter or class of matters. A firm selected as Special Counsel and placed on a list may, from time to time, be contacted by the Division of Law for retention on a specific matter. At that time, if the firm agrees to the retention, the firm may be required to submit updated certifications, as required by Exhibit A, and will receive a retention letter to countersign. The terms and conditions set forth in this

Request for Qualifications shall be included in the additional terms and conditions in the Retainer Letter.

**12.0    ATTACHMENTS**

Attachments to this Request for Qualifications are:

Exhibit A – Additional Terms

Exhibit B – Cover Sheet

Exhibit C – Diversity Questionnaire

## Exhibit A to Special Counsel Retention Agreements

These additional terms and conditions are required by law, as indicated herein (Additional Terms) and shall be executed by the Special Counsel prior to the Division of Law executing any Special Counsel Retention Agreement with the Division of Law on behalf of any of its clients. These Additional Terms shall be incorporated into any Special Counsel Retention Agreement (Retention Agreement) executed by the Division of Law and Special Counsel.

**I. Special Counsel shall complete the following forms or otherwise satisfy the following requirements prior to the State executing a Retention Agreement with Special Counsel:**

**A. Ownership Disclosure**
The Ownership Disclosure addresses the requirements of N.J.S.A. 52:25-24.2, for any contract or retention agreement and must be completed and submitted either with the proposal or with the signed Retention Agreement. The Retention Agreement cannot be finalized by the Division of Law unless and until the Ownership Disclosure is properly completed and accepted. The form can be downloaded from the Department of Treasury website under the heading Vendor Forms. It is located at:

http://www.state.nj.us/treasury/purchase/forms/OwnershipDisclosure.pdf

**B. Affirmative Action Supplement with Affirmative Action Employee Information Report**
The Affirmative Action Supplement with Affirmative Action Employee Information Report addresses the requirements of N.J.S.A. 10:5-31 to -34 and N.J.A.C. 17:27.3.1 et seq., for any contract or retention agreement. The Special Counsel agrees that and the Special Counsel must either:

1. complete and submit the Employee Information Report either with the proposal or with the signed Retention Agreement. The Retention Agreement is not completed unless and until the form is properly completed and submitted to the Division of Law, as well as to the Contract Compliance and Audit Unit within the New Jersey Department of Treasury, Division of Purchase and Property and long with a $150.00 check. The form can be downloaded from the Department of Treasury website under the heading Vendor Forms:
    http://www.state.nj.us/treasury/purchase/forms/AA_%20Supplement.pdf

    The instructions for the form are available at:
    http://www.state.nj.us/treasury/purchase/forms/EmployeeInformationReportInstructions-aa302ins.pdf;

    or

2. present a currently Certificate of Employee Information Report issued by the Contract Compliance and Audit Unit within the New Jersey Department of Treasury, Division of Purchase and Property; or

3. present a copy of its existing federally approved or sanctioned affirmative action report.

**C. New Jersey Business Registration**
Pursuant to N.J.S.A. 52:32-44 (b), Special Counsel must either

1. submit with the signed Retention Agreement a copy of a valid New Jersey Business Registration. If the business is not already registered with the New Jersey Division of Revenue, registration can be completed on line at the Division of Revenue website:
    http://www.state.nj.us/treasury/revenue/busregcert.shtml;

    or

2. advise that a copy of the valid New Jersey Business Registration is on file with the Division of Law.

**D. Certification of Non-Involvement in Prohibited Activities in Iran**
Pursuant to N.J.S.A. 52:32-58, Special Counsel must certify that neither Special Counsel, nor one of its parents, subsidiaries, and/or affiliates (as explained in N.J.S.A. 52:32-56(e)(3)), is listed on the Department of the Treasury's List of Persons or Entities Engaging in Prohibited Investment Activities in Iran and that neither is involved in any of the investment activities set forth in N.J.S.A. 52:32-56(f). If Special Counsel is unable to so certify, Special Counsel shall provide a detailed and precise description of such activities. The form is available at:

http://www.state.nj.us/treasury/purchase/forms/DisclosureofInvestmentActivitiesinIran.pdf

**E. New Jersey State W-9 and Vendor Questionnaire – NJStart Vendor Registration**
No Special Counsel shall be paid unless Special Counsel has properly completed New Jersey State W-9 and Vendor Questionnaire on file with the State.

If Special Counsel has previously submitted a State of New Jersey W-9 and Vendor Questionnaire, it need not be submitted again. If at any time Special Counsel will need to revise its W-9 for any reason, including firm name, address, TIN, Special Counsel shall be required to register to use NJStart and make the revisions to the W-9 and Vendor Questionnaire in the NJSmart system.

If Special Counsel does not have a New Jersey State W-9 and Vendor Questionnaire on file with the State, the Special Counsel shall be required to register to use NJStart and make the revisions to the W-9 and Vendor Questionnaire in the NJSmart system.

General Information, including an explanatory video about NJSmart is available at:
http://www.state.nj.us/treasury/purchase/vendor.shtml

Use this link to register for or access the NJSmart system:
https://www.njstart.gov/bso/

**F. Two-Year Chapter 51/Executive Order 117 Certification and Disclosure of Political Contributions**
Prior to entering any Retention Agreement retention agreement under which the State will pay more than $17,500 to the Business Entity proposed as the Special Counsel, the Business Entity shall submit the Certification and Disclosure form, certifying that no contributions prohibited by Chapter 51 have been solicited or made by the Business Entity and reporting all contributions the Business Entity made during the preceding four years to any political organization organized under 26 U.S.C. '527 of the Internal Revenue Code that also meets the definition of a Acontinuing political committee@ within the mean of N.J.S.A. 19:44A-3(n) and N.J.A.C. 19:25-1.7. Additional information about Chapter 51 and Executive Order 117, including a Summary and a Q&A, is available at:
https://www.state.nj.us/treasury/purchase/forms.shtml

The required form and instructions for completion and submission to the Deputy Attorney General prior to the finalization of the Retention Agreement are available for on the New Jersey Division of Purchase and Property's website, under the heading "Vendor Forms Required for Contract Award" at:
https://www.state.nj.us/treasury/purchase/forms.shtml

If the Special Counsel has a currently valid Two-Year Chapter 51/Executive Order 117 Vendor Certification it may be submitted instead of a new form.

**Special Counsel is required, on a continuing basis, to report any contributions and solicitations Special Counsel makes during the term of the Retention Agreement, and any extension(s) thereof, at the time any such contribution or solicitation is made. Failure to do so is a breach of the Retention Agreement.**

Special Counsel=s failure to submit the form will preclude the Division of Law=s countersignature of the Retention Agreement. The State Treasurer or his designee shall review the Disclosures submitted by the Special Counsel pursuant to this section, as well as any other pertinent information concerning the contributions or reports thereof by the intended Special Counsel, prior to award, or during the term of the retention agreement. If the State Treasurer determines that any contribution or action by the Special Counsel violated Chapter 51 and EO 117 the State Treasurer shall disqualify the Special Counsel from award of such contract. If the State Treasurer or his designees determines that any contribution or action constitutes a breach of contract that poses a conflict of interest, pursuant to Chapter 51 or EO 117, the State Treasurer shall disqualify the Special Counsel from award of such contract.

**G.  Disclosure Requirement of P.L. 2005, c. 271**

Pursuant to P.L. 2005, c.271 (Chapter 271) every Business Entity contracting with the State is required to disclose its (and its principals) political contributions within the immediately preceding twelve (12) month period. No prospective Special Counsel will be precluded from being retained by virtue of the information provided in the Chapter 271 disclosure, provided the form is fully and accurately completed. Prior to being retained, the Special Counsel anticipated to be selected will be required to submit Chapter 271 disclosures if the cost of Retention Agreement is anticipated to be in excess of $17,500. This requirement is in addition to the requirements of Chapter 51 and EO 117. The form is available for your review at:

http://www.state.nj.us/treasury/purchase/forms/CertandDisc2706.pdf

## II.  Special Counsel Certification

### A.  Source Disclosure Certification

Special Counsel's execution of these Additional Terms to the Retention Agreement will confirm that Special Counsel agrees, in accordance with Executive Order 129 (2004) and N.J.S.A. 52:34-13.2 (P.L.2005, c. 92), that all services performed for the Retention Agreement shall be performed within the United States. In the event that all services performed for the Retention Agreement shall NOT be performed within the United States, Special Counsel shall send the Deputy Attorney General who executes the Retention Agreement a letter that states with specificity the reasons why the services cannot be so performed. Any such letter shall require review and approval pursuant to N.J.S.A. 52:34-14.2 prior to execution of this Retention Agreement or the delivery of the services which will not be performed within the US.

## III.  The Special Counsel acknowledges that the Retention Agreement is subject to the following terms and conditions:

### A.  Breach of Requirements of Chapter 51 and Executive Order 117 (2008) (Also referred to as "Pay to Play Restrictions," N.J.S.A. 19:44A-20.13 to -20.25, or Executive Order 134(2004))

In order to safeguard the integrity of State government procurement by imposing restrictions to insulate the negotiation and award of State contracts, including retention agreements, from political contributions that pose the risk of improper influence, purchase of access, or the appearance thereof, the Legislature enacted P.L. 2005, c.51 (codified at N.J.S.A. 19:44A-20.13 to -20.25) (Chapter 51), on March 22, 2005, effective retroactive to October 15, 2004, superseding the terms of Executive Order 134(2004). In addition, on September 24, 2008, Executive Order 117 was issued and made effective on November 15, 2008 (EO 117) which set forth additional limitations on the ability of executive branch agencies to contract with business entities that have made or solicited certain contributions.

Thus, pursuant to the requirements of Chapter 51 and EO 117, it shall be a material breach of the terms of the Retention Agreement for Special Counsel to do any of the following during the term of the Retention Agreement:

1.  make or solicit a contribution in violation of the Chapter 51 or EO 117;

2.  knowingly conceal or misrepresent a contribution given or received;

3.  make or solicit contributions through intermediaries for the purpose of concealing or misrepresenting the source of the contribution;

4.  make or solicit any contribution on the condition or with the agreement that it will be contributed to a campaign committee or any candidate of holder of the public office of Governor, or of Lieutenant Governor, or to any State, county or municipal party committee, or any legislative leadership committee;

5.  engage or employ a lobbyist or Special Counsel with the intent or understanding that such lobbyist or Special Counsel would make or solicit any contribution, which if made or solicited by the business entity itself, would subject that entity to the restrictions of Chapter 51 or EO117;

6.  fund contributions made by third parties, including Special Counsels, attorneys, family members, and employees;

7.     engage in any exchange of contributions to circumvent the intent of the Chapter 51 or EO 117;or

8.     directly or indirectly through or by any other person or means, do any act which would subject that entity to the restrictions of the Chapter 51 or EO 117.

## B. New Jersey Conflict of Interest Law

The New Jersey Conflict of Interest Law, N.J.S.A. 52:13D-12 et seq. and Executive Order 189 (1988), prohibit certain actions by persons or entities which provide goods or services to any State Agency. Specifically:

1.     No Special Counsel shall pay, offer to pay, or agree to pay, either directly or indirectly, any fee, commission, compensation, gift, gratuity, or other thing of value of any kind to any State officer or employee or special State officer or employee, as defined by N.J.S.A. 52:13D-13b. and e., in the Department of the Treasury or any other agency with which such Special Counsel transacts or offers or proposes to transact business, or to any member of the immediate family, as defined by N.J.S.A. 52:13D-13i., of any such officer or employee, or any partnership, firm, or corporation with which they are employed or associated, or in which such officer or employee has an interest within the meaning of N.J.S.A. 52:13D-13g.

2.     The solicitation of any fee, commission, compensation, gift, gratuity or other thing of value by any State officer or employee or special State officer or employee from any Special Counsel shall be reported in writing forthwith by Special Counsel to the Attorney General and the Executive Commission on Ethical Standards.

3.     No Special Counsel may, directly or indirectly, undertake any private business, commercial or entrepreneurial relationship with, whether or not pursuant to employment, contract or other agreement, express or implied, or sell any interest in such Special Counsel to, any State officer or employee or special State officer or employee having any duties or responsibilities in connection with the purchase, acquisition or sale of any property or services by or to any State agency or any instrumentality thereof, or with any person, firm or entity with which he is employed or associated or in which he has an interest within the meaning of N.J.S.A. 52:13D-13g. Any relationships subject to this provision shall be reported in writing forthwith to the Executive Commission on Ethical Standards, which may grant a waiver of this restriction upon application of the State officer or employee or special State officer or employee upon a finding that the present or proposed relationship does not present the potential, actuality or appearance of a conflict of interest.

4.     No Special Counsel shall influence, or attempt to influence or cause to be influenced, any State officer or employee or special State officer or employee in his official capacity in any manner which might tend to impair the objectivity or independence of judgment of said officer or employee.

5.     No Special Counsel shall cause or influence, or attempt to cause or influence, any State officer or employee or special State officer or employee to use, or attempt to use, his official position to secure unwarranted privileges or advantages for the Special Counsel or any other person.

6.     The provisions cited above in paragraph H(I). through H(V) shall not be construed to prohibit a State officer or employee or special State officer or employee from receiving gifts from or contracting with Special Counsel under the same terms and conditions as are offered or made available to members of the general public subject to any guidelines the Executive Commission on Ethical Standards may promulgate.

## C. Obligation to Maintain Records

Special Counsel shall maintain all records for products and/or services delivered against the contract for a period of five (5) years from the date of final payment under the Retention Agreement unless otherwise specified in the Retention Agreement. Such records shall be made available to the State, including the Comptroller, for audit and review upon request.

**D. Affirmative Action and Equal Employment Requirements:**

Pursuant to N.J.A.C. 17:27-3.5 Special Counsel agrees that:

1. Special Council or its or subcontractor, where applicable, will not discriminate against any employee or applicant for employment because of age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex. Except with respect to affectional or sexual orientation and gender identity or expression, Special Counsel will ensure that equal employment opportunity is afforded to such applicants in recruitment and employment, and that all employees are treated during employment, without regard to their age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex. Such equal employment opportunity shall include, but not be limited to, the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. Special Counsel agrees to post in conspicuous places, available to employees and applicants for employment, notices to be provided by the public agency compliance officer setting forth provisions of this nondiscrimination clause;

2. Special Counsel or subcontractor, where applicable, will, in all solicitations or advertisements for employees placed by or on behalf of Special Counsel, state that all qualified applicants will receive consideration for employment without regard to age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex;

3. Special Counsel or subcontractor will send to each labor union, with which it has a collective bargaining agreement, if any, a notice, to be provided by the agency contracting officer, advising the labor union of the Special Counsel's commitments under this chapter and shall post copies of the notice in conspicuous places available to employees and applicants for employment; and

4. Special Counsel or subcontractor, where applicable, agrees to comply with any regulations promulgated by the Treasurer pursuant to N.J.S.A.10:5-31 et seq., as amended and supplemented from time to time, and codified at N.J.A.C. 17:27-1.1 et seq.

Further, pursuant to N.J.A.C. 17:27-3.7, Special Counsel agrees that:

1. Special Counsel and its subcontractor, if any, agrees to make good faith efforts to meet targeted county employment goals established in accordance with N.J.A.C. 17:27-5.2.

2. Special Counsel and its subcontractor, if any, agrees to inform in writing its appropriate recruitment agencies including, but not limited to, employment agencies, placement bureaus, colleges, universities, and labor unions, that it does not discriminate on the basis of age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex, and that it will discontinue the use of any recruitment agency which engages in direct or indirect discriminatory practices.

3. Special Counsel and its subcontractor, if any, agrees to revise any of its testing procedures, if necessary, to assure that all personnel testing conforms with the principles of job-related testing, as established by the statutes and court decisions of the State of New Jersey and as established by applicable Federal law and applicable Federal court decisions.

4. In conforming with the targeted employment goals, Special Counsel and its subcontractor, if any, agrees to review all procedures relating to transfer, upgrading, downgrading and layoff to ensure that all such actions are taken without regard to age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex, consistent with the statutes and court decisions of the State of New Jersey, and applicable Federal law and applicable Federal court decisions.

**IV.  Special Counsel is hereby notified of the following:**

**A. Chapter 271 Annual Disclosure Statement Filing Requirement**
If Special Counsel receives contracts in excess of $50,000 from a public entity during a calendar year, Special Counsel is responsible to file an annual disclosure statement on political contributions with the New Jersey Election Law Enforcement Commission (ELEC), pursuant to N.J.S.A. 19:44A-20.13 (P.L. 2005, c. 271, section 3) It is Special Counsel=s responsibility to determine if filing is necessary.  Failure to so file can result in the imposition of financing penalties by ELEC.  Additional information about this requirement, and the form to be filed is available from ELEC at (888)313-3532 or https://www.elec.nj.gov/pay2play/form.html.

**B. Set-off for State Taxes**
Pursuant to N.J.S.A. 54:49-19 et seq. (P.L. 1995, c159), and notwithstanding the provision of any other law to the contrary, whenever any taxpayer, partnership or S corporation under contract to provide goods or services or construction projects to the State of New Jersey or its agencies or instrumentalities, including the legislative and judicial branches of State government, is entitled to payment for those goods or services at the same time a taxpayer, partner or shareholder of that entity is indebted for any State tax, the Director of the Division of Taxation shall seek to set off so much of that payment as shall be necessary to satisfy the indebtedness.  The amount set-off shall not allow for the deduction of any expense or other deduction which might be attributable to the taxpayer, partner, or shareholder subject to set-off under this Act.

The Director of the Division of Taxation shall give notice of the set-off to the taxpayer, partner or shareholder and provide an opportunity for a hearing within thirty (30) days of such notice under the procedures for protests established under N.J.S.A. 54:49-19.  No request for conference, protest, or subsequent appeal to the Tax Court from any protest shall stay the collection of the indebtedness.

**C. Diane B. Allen Equal Pay Act**
The Diane B. Allen Equal Pay Act, L. 2018, c. 9, requires State contractors providing professional services to the State or a State entity to file information about its employee pay practices with the New Jersey Department of Labor and Workforce Development.  Information about the Act and the reporting requirement is available at:  https://nj.gov/labor/equalpay/equalpay.html

**Special Counsel hereby agrees to these Additional Term and Conditions:**

**Special Counsel Signature:**  _____

**Special Counsel Name:**  _____

**Special Counsel Firm:**  _____

**Date:**  _____

EXHIBIT B – COVER SHEET



COVERSHEET, AGREEMENT AND CERTIFICATION FOR
STATE OF NEW JERSEY DEPARTMENT OF LAW & PUBLIC SAFETY, DIVISION OF LAW
PROPOSAL FOR SPECIAL COUNSEL DESIGNATION

Name and Issue Date of Special Counsel RFQ to which you are responding:

_____

Firm Name: _____

Firm Address: _____

_____

Number of Attorneys in the Firm: _____

Attorney to Contact for this Proposal: _____

Telephone Number of Contact for this Proposal: _____

Email Address of Contact for this Proposal: _____

### AGREEMENT AND CERTIFICATION

By submitting this proposal, I agree, on behalf of my firm, that my firm will abide by the Outside Counsel Guidelines available at: http://www.nj.gov/oag/law/rfqs.htm and with any updates thereto during the term of a Special Counsel Designation and in the event that my firm is retained by the Division of Law.

By submitting this proposal, I understand that in the event that my firm is selected and receives a Special Counsel Designation, the Special Counsel Designation is not a guarantee that my firm will be retained for any matter.

By submitting this proposal, I agree that in the event that my firm receives a Special Counsel Designation and is retained, my firm shall bill at the rates [set forth in the RFQ/set forth in the Special Counsel Designation], and that the rates shall not increase during the term of the Special Counsel Designation.

The information in this proposal is true and accurate has been reviewed by me and is true and accurate to the best of my knowledge.

By submitting this proposal, I warrant that I have the authority to bind my firm to the Proposal submitted and to any retention my firm may receive as a result.

_____          _____

Signature of Contact Attorney                                              Date

EXHIBIT C – DIVERSITY QUESTIONNAIRE



# OFFICE OF THE ATTORNEY GENERAL
# DEPARTMENT OF LAW AND PUBLIC SAFETY
# 2018 OUTSIDE COUNSEL DIVERSITY QUESTIONNAIRE

The Office of the Attorney General/Department of Law and Public Safety recognizes diversity and inclusion as a core value that strengthens our ability to serve the people of New Jersey. We believe that an analysis of the participation and roles of certain groups that have historically been underrepresented in the legal profession is of particular importance to the Department. To that end we are asking the private practice law firms that we engage to complete this survey, so that we may benchmark and track information about diversity and inclusion among our outside counsel.

## INSTRUCTIONS:

1. **Applicable Period**. Except as otherwise noted, please provide information limited to your law firm's New Jersey Based Attorneys, current as of **January 01, 2018**

2. **Voluntarily Self-Reported Data Only.** All categories of reporting in this survey are limited to information that has been voluntarily self-reported to your firm by your firm's attorneys whereby they identify themselves as being within a particular demographic group ("**Identify**"), i.e. Gender, Race or Ethnicity categories, LGBTQIA, or having a Disability.

3. **Race/Ethnicity**. For ease of reporting, the race and ethnicity categories requested in the chart below are consistent with the categories established by the United States Equal Employment Opportunity Commission for mandatory reporting by certain employers. Detailed descriptions of the relevant Race/Ethnicity categories are available via https://www.eeoc.gov/employers/eeo1survey/2007instructions.cfm

4. **LGBTQIA**. The category "**LGBTQIA**" in the chart below refers to individuals who Identify as lesbian, gay, bisexual, transgender, queer/questioning, intersex or asexual.

5. **Disability.** The category "**Disability**" in the chart below refers to individuals who Identify as having a Disability. As used herein, "**Disability**" with respect to an individual is defined consistently with 28 CFR 35.108(a)(1)(i): "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."

6. **"New Jersey Based Attorneys"** means attorneys who are based in New Jersey who have an ownership interest in and/or who are employed by your law firm. Do not include temporary, *per diem* or contract attorneys in your responses. For the purposes of this definition, "**based in New Jersey**" means that the primary workplace location for the attorney is New Jersey, *i.e.* the law firm office where the attorney performs the greatest amount of work time, as compared with any other of your law firm's offices, is located in New Jersey.

7. **Multiple Categories.** If an attorney fits more than one of the requested categories, please count such individual in all of the applicable categories.

8.  **Numerical Data Responses.** Please provide numerical data in response to the charts, entering "0" where the number is zero. If the requested information is not applicable to your firm, please enter "N/A" as your response.

9.  **Definitions.** As used herein:
    a.  "**Equity Partner**" means an attorney who has the title Partner, Shareholder, Member, Principal or another similar title, who has an ownership interest in the law firm.
    b.  "**Non-Equity Partner**" means an attorney who has the title Partner, Shareholder, Member, Principal or another similar title, who is employed by the firm but has no ownership interest in the law firm.
    c.  "**Counsel**" means an attorney who has the title of Counsel, Senior Counsel, Of Counsel, Special Counsel, Senior Attorney, or another similar title and is not an associate, Equity Partner or Non-Equity Partner, and who is a permanent, salaried employee of the firm and not a temporary or contract attorney.
    d.  "**Associate**" means an attorney who has the title of Associate, Attorney, or other similar title, and is not an Equity Partner, Non-Equity Partner or Counsel.
    e.  "**Minority-Owned Firm**" means your law firm is at least 51 percent owned, controlled, operated, and managed by an individual or individuals who are "**minority group members**," as such term is defined by the National Minority Supplier Development Council (see, http://www.nmsdc.org/mbes/what-is-an-mbe/)
    f.  "**Women-Owned Firm**" means your law firm is at least 51 percent owned, controlled, operated, and managed by a woman or women.

## GENERAL FIRM INFORMATION

1. Firm Name:_____

2. Name of Head of Firm (e.g. Managing Partner, Chairperson)_____

3. Person Responsible for Completion of Survey

   Name:_____

   Title:_____

   Email Address:_____

   Telephone Number:_____

4. Please indicate the number of attorneys employed by your law firm on a full-time basis

   a. Firm-wide:_____

   b. In the US:_____

   c. In New Jersey:_____

5. Is your law firm Minority-Owned?            ☐ YES        ☐ NO

   a. If yes, please indicate if it is certified as such?        ☐ YES        ☐ NO

   b. If yes, please list the name of the certifying entity: _____

6. Is your law firm Women-Owned?        ☐ YES        ☐ NO

   a. If yes, please indicate if it is certified as such?        ☐ YES        ☐ NO

   b. If yes, please list the name of the certifying entity: _____

# DEMOGRAPHIC INFORMATION

Please provide the information sought in the chart below.

| JOB TITLE | RACE or ETHNICITY | | | | | | | GENDER | | LGBTQIA | DISABILITY | TOTAL |
| | Hispanic or Latino | White | Black or African American | Asian | Native American or Alaskan Native | Two or More Races | Unknown | Women | Men | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ALL ATTORNEYS FIRM-WIDE – # of NJ Based Attorneys who held the following positions as of January 1, 2018** | | | | | | | | | | | | |
| EQUITY PARTNERS | | | | | | | | | | | | |
| NON-EQUITY PARTNERS | | | | | | | | | | | | |
| COUNSEL | | | | | | | | | | | | |
| ASSOCIATES | | | | | | | | | | | | |
| **FIRM LEADERSHIP – # NJ Based Attorneys who served in leadership positions as of January 1, 2018** | | | | | | | | | | | | |
| MANAGEMENT COMMITTEE (or top firm governing committee) | | | | | | | | | | | | |
| ATTORNEYS IN-CHARGE OF FIRM OFFICES (for firms having multiple offices) | | | | | | | | | | | | |
| DEPARTMENT HEADS (for firm-wide departments that include multiple practice groups and/or offices) | | | | | | | | | | | | |
| PRACTICE GROUP LEADERS (for specialized areas of practice within larger departments) | | | | | | | | | | | | |
| FIRM OFFICE LEADERS (local departmental or practice group) | | | | | | | | | | | | |
| FIRM-WIDE COMMITTEE HEAD (top-most committee leadership role) | | | | | | | | | | | | |
| PARTNER COMMITTEE (decides entry to partnership) | | | | | | | | | | | | |
| COMPENSATION COMMITTEE (decides attorney compensation) | | | | | | | | | | | | |
| HIRINGPARTNER(S) (final decision-making authority for new attorney hiring) | | | | | | | | | | | | |

| JOB TITLE | RACE or ETHNICITY | | | | | | | GENDER | | LGBTQIA | DISABILITY | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Hispanic or Latino | White | Black or African American | Asian | Native American or Alaskan Native | Two or More Races | Unknown | Women | Men | | | |
| **PROMOTIONS – # of NJ Based Attorneys who were promoted during the 1-year period ending January 1, 2018** | | | | | | | | | | | | |
| ASSOCIATE TO EQUITY PARTNER | | | | | | | | | | | | |
| ASSOCIATE TO NON-EQUITY PARTNER | | | | | | | | | | | | |
| ASSOCIATE TO COUNSEL | | | | | | | | | | | | |
| COUNSEL TO EQUITY PARTNER | | | | | | | | | | | | |
| COUNSEL TO NON-EQUITY PARNTER | | | | | | | | | | | | |
| **ATTRITION – # of NJ Based Attorneys who left the firm (whether voluntarily or otherwise) during the 1-year period ending January 1, 2018** | | | | | | | | | | | | |
| EQUITY PARTNERS | | | | | | | | | | | | |
| NON-EQUITY PARTNERS | | | | | | | | | | | | |
| COUNSEL | | | | | | | | | | | | |
| ASSOCIATES | | | | | | | | | | | | |
| **NEW HIRES – # of NJ Based Attorneys who were hired by the firm during the 1-year period ending January 1, 2018** | | | | | | | | | | | | |
| EQUITY PARTNERS | | | | | | | | | | | | |
| NON-EQUITY PARTNERS | | | | | | | | | | | | |
| COUNSEL | | | | | | | | | | | | |
| ASSOCIATES | | | | | | | | | | | | |
| **PART TIME ATTORNEYS – # of NJ Based Attorneys who regularly worked on a part-time schedule during the 1-year period ending January 1, 2018** | | | | | | | | | | | | |
| EQUITY PARTNERS | | | | | | | | | | | | |
| NON-EQUITY PARTNERS | | | | | | | | | | | | |
| COUNSEL | | | | | | | | | | | | |
| ASSOCIATES | | | | | | | | | | | | |