# TENGWALL DECLARATION
# EXHIBIT 2

REGISTERED AGENT SOLUTIONS INC

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

10/14/2020

Tina Rettura
**SMITH & WESSON SALES COMPANY**
Legal Department
2100 Roosevelt Avenue
Springfield, MA 01104 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: SMITH & WESSON SALES COMPANY**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer: DEPUTY ATTORNEY GENERAL

**SERVICE INFORMATION**

Service Date: 10/14/2020
Service Time: 8:00AM EDT
Service Method: ATTORNEY GENERAL REP.

**RASi REFERENCE INFORMATION**

Service No.: 0151940
RASi Office: New Jersey
Rec. Int. Id.: JLW

**CASE INFORMATION**

Case Number: N/A
File Date: 10/13/2020
Jurisdiction: NEW JERSEY DIVISION OF CONSUMER AFFAIRS
Case Title: RE: DOCUMENTS REGARDING ADVERTISEMENTS FOR MERCHANDISE

**ANSWER / APPEARANCE INFORMATION**

11/13/2020 *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

Firm/Issuing Agent: DEPUTY ATTORNEY GENERAL
Attorney/Contact: CHANEL VAN DYKE
Location: New Jersey
Telephone No.: N/A

**DOCUMENT(S) RECEIVED & ATTACHED**

Subpoena
Affidavit / Certification

**ADDITIONAL NOTES**

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*



**GURBIR S. GREWAL**
**ATTORNEY GENERAL OF NEW JERSEY**
Division of Law
124 Halsey Street - 5th Floor
P.O. Box 45029
Newark, New Jersey 07101
Attorney for New Jersey Division of Consumer Affairs

By:    **Chanel Van Dyke**
        Deputy Attorney General
        Chanel.VanDyke@law.njoag.gov

**ADMINISTRATIVE ACTION**
**SUBPOENA DUCES TECUM**

**THE STATE OF NEW JERSEY to:**    **Smith & Wesson Sales Co., Inc.**
        **A/K/A American Outdoor Brands Sales Co.**
        **A/K/A Smith & Wesson Corp.**
        **2100 Roosevelt Avenue**
        **Springfield, Massachusetts 01104**

        c/o    **Registered Agent Solutions, Inc.**
            **208 West State Street**
            **Trenton, NJ 08608**

YOU ARE HEREBY COMMANDED to produce to the New Jersey Division of Consumer Affairs, Office of Consumer Protection ("Division") through Chanel Van Dyke, Deputy Attorney General, at 124 Halsey Street, 5th Floor, Newark, NJ, 07101, on or before **November 13, 2020**, at 10:00 A.M., the following:

    The Documents in the attached Schedule A; and

    Your completed Certification of Compliance.

You may produce the Documents and information identified in the attached Schedule A on or before the return date in electronic form, in a format compliant with Exhibit A, to Chanel Van Dyke, Deputy Attorney General, who may be contacted by email at

1

Chanel.VanDyke@law.njoag.gov. In the alternative, You may produce the Documents and information identified in the attached Schedule A on or before the return date at the address listed above by Certified Mail, Return Receipt Requested, addressed to the attention of Chanel Van Dyke, Deputy Attorney General. You may, at Your option and expense, provide certified, true copies in lieu of the original Documents identified in the attached Schedule by completing and returning the Certification attached hereto.

Failure to comply with this Subpoena may render You liable for contempt of Court and such other penalties as provided by law. This Subpoena is issued pursuant to the authority of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -226, specifically N.J.S.A. 56:8-3 and 56:8-4.

Date: __10/13/20__

_/s/ Chanel Van Dyke_
Chanel Van Dyke
Deputy Attorney General

## PROOF OF SERVICE

I, _____, being of full age, certify that on _____, 2020, at approximately, _____, I served the within Subpoena on _____ at _____, by exhibiting the Subpoena to _____ and leaving a true copy thereof with said individual.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____, 2020            _____

1

# **CERTIFICATION OF COMPLIANCE**

I, _____, certify as follows:

1. I am employed by Smith & Wesson Sales Co., Inc. in the position of _____;

2. Smith & Wesson Sales Co., Inc.'s productions and responses to the Subpoena of the Attorney General of the State of New Jersey, dated October 13, 2020 (the "Subpoena") were prepared and assembled under my personal supervision;

3. I made or caused to be made a diligent, complete, and comprehensive search for all Documents and information requested by the Subpoena, in full accordance with the instructions and definitions set forth in the Subpoena;

4. Smith & Wesson Sales Co., Inc.'s production and responses to the Subpoena are complete and correct to the best of my knowledge and belief;

5. No Documents or information responsive to the Subpoena have been withheld from Smith & Wesson Sales Co., Inc.'s production and responses, other than responsive Documents or information withheld on the basis of a legal privilege or doctrine;

6. All responsive Documents or information withheld on the basis of a legal privilege or doctrine have been identified on a privilege log composed and produced in accordance with the instructions in the Subpoena;

7. The Documents contained in Smith & Wesson Sales Co., Inc.'s productions and responses to the Subpoena are authentic, genuine, and what they purport to be;

8. Attached is a true and accurate record of all Persons who prepared and assembled any productions and responses to the Subpoena, all Persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all Persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such Person's knowledge and belief; and (b) that any Documents produced are authentic, genuine, and what they purport to be; and

9. Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:_____

_____
Name (signature)

_____
Name (print)

_____
Title or Position

## **INSTRUCTIONS AND DEFINITIONS**

### A. **INSTRUCTIONS**

1. The Subpoena requests that follow are continuing in nature, and thus, You have a continuing obligation to timely serve supplemental responses if You locate or obtain additional, more complete, or new information or Documents after Your response is due.

2. This Subpoena is directed to Smith & Wesson, as well as its owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives, attorneys, corporations, divisions, subsidiaries, affiliates, successors, assigns, or any other Person(s) acting or purporting to act on its behalf.

3. Unless otherwise specifically stated, the period of time encompassed by this Subpoena shall be from **October 13, 2010**, up to and Including the date of Your response to the Subpoena.

4. No Subpoena request(s) should be construed to limit the scope of any other Subpoena request(s), or of any Definition set forth below. No subpart of any Subpoena request should be construed to limit the scope of any other subpart of such Subpoena request.

5. Unless otherwise specifically stated, capitalized terms are defined as set forth in the Definitions below.

6. You are reminded of Your obligations under law to preserve Documents and information relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. No agreement, written or otherwise, purporting to modify, limit, or otherwise vary the terms of this Subpoena, shall be construed in any way to narrow, qualify, eliminate, or otherwise diminish Your aforementioned preservation obligations. Nor shall You act, in reliance upon any such agreement or otherwise, in any manner inconsistent with Your preservation obligations under law. No agreement purporting to modify, limit, or otherwise vary Your preservation obligations under law shall be construed as in any way narrowing, qualifying, eliminating, or otherwise diminishing such aforementioned preservation obligations, nor shall You act in reliance upon any such agreement, unless a Deputy Attorney General confirms or acknowledges such agreement in writing, or makes such agreement a matter of record in open court.

7. The Subpoena calls for all responsive Documents or information in Your possession, custody, or control. This Includes Documents or information possessed or held by any of Your officers, directors, shareholders, founders, managers, agents, servants, employees, representatives, attorneys, corporations, divisions, affiliates, subsidiaries, successors, assigns, or any Persons from whom You could request Documents or information. If Documents or information responsive to a request in this Subpoena are in Your control, but not in Your possession or custody, You shall promptly Identify the Person with possession or custody.

3

8. If there are no Documents responsive to any particular Subpoena request, You shall so certify in writing in the Certification of Compliance attached hereto, identifying the paragraph number(s) of the Subpoena request concerned.

9. When a Subpoena request requires both privileged and non-privileged Documents, the non-privileged Documents must be produced to the fullest extent possible without thereby disclosing the privileged Documents. When a response Includes Documents that have been redacted or otherwise altered on the basis of privilege, any redaction or alteration must be clearly visible on the Document.

10. If a Subpoena request requires the production of Documents the form and/or content of which has changed over the relevant period, You must identify the period of time during which each such Document was used and/or otherwise was in effect.

11. Unless otherwise specifically indicated, each and every Document produced shall be Bates-stamped or Bates-labeled or otherwise consecutively numbered, without disrupting or altering the form, sequence, organization, or other order or layout in which such Documents were maintained before production, and the Person making such production shall Identify the corresponding Subpoena request number(s) to which each Document or group of Documents responds.

12. Electronically Stored Information should be produced in the format specified in the attached Exhibit A.

13. Regardless of whether a production is in electronic or paper format, each Document shall be produced in the same form, sequence, organization, or other order or layout in which it was maintained before production, Including production of any Document or other material indicating filing or other organization. Such production shall Include any file folder, file jacket, cover, or similar organizational material, as well as any folder bearing any title or legend that contains no Document. Likewise, all Documents that are physically attached to each other in Your files shall remain so attached in any production; or if such production is electronic, shall be accompanied by notation or information sufficient to indicate clearly such physical attachment.

14. For each Document withheld from production on the ground of privilege or other legal doctrine, regardless of whether a production is electronic or in hard copy, You shall insert one or more placeholder page(s) in the production bearing the same Bates number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production.

15. If one or more Documents or any portions thereof requested herein are withheld under a claim of privilege or otherwise, identify each Document or portion thereof as to which the objection is made, together with the following information:

    a. The Bates-stamp, Bates-label, or other consecutive numbering of the Document or portion thereof as to which the objection is made;

     b.     Each author or maker of the Document;

     c.     Each addressee or recipient of the Document or Person to whom its contents were disclosed or explained;

     d.     The date thereof;

     e.     The title or description of the general nature of the subject matter of the Document and the number of pages;

     f.     The present location of the Document;

     g.     Each Person who has possession, custody, or control of the Document;

     h.     The legal ground for withholding or redacting the Document; and

     i.     If the legal ground is attorney-client privilege, You shall indicate the name of the attorney(s) whose legal advice is sought or provided in the Document.

16.     In the event that any Document which would have been responsive to this Subpoena was formerly in Your possession, custody, or control but is no longer available, no longer exists, or has been destroyed or discarded, Identify that Document and also Include:

     a.     A detailed description of the nature of such Document and its contents;

     b.     The Identity of the Person(s) who prepared such Document and its contents;

     c.     The Identity of the Person(s) who have seen or had possession of such Document;

     d.     The date(s) on which such Document was prepared, transmitted, or received;

     e.     The date(s) on which such Document became unavailable;

     f.     The reason why such Document is unavailable, Including whether it was misplaced, destroyed, discarded, or transferred;

     g.     For each such Document destroyed or transferred, the conditions of and reasons for such destruction or transfer and the Identity of the Person(s) requesting and/or performing such destruction or transfer; and

     h.     The Identity of all Persons with knowledge of any portion of the contents of the Document.

18. A copy of the Certification of Compliance provided herewith shall be completed and executed by all natural Persons supervising or participating in compliance with this Subpoena, and You shall submit such executed Certification(s) of Compliance with Your response to this Subpoena.

19. In a schedule attached to the Certification of Compliance provided herewith, You shall Identify the natural Person(s) who prepared or assembled any productions or responses to this Subpoena. You shall further Identify the natural Person(s) under whose personal supervision the preparation and assembly of productions and responses to this Subpoena occurred. You shall further Identify all other natural Person(s) able competently to testify: (a) that such productions and responses are complete and correct to the best of such Person's knowledge and belief; and (b) that any Documents produced are authentic, genuine, and what they purport to be.

20. You shall produce a copy of all written or otherwise recorded instructions prepared by You concerning the steps taken to respond to this Subpoena. For any unrecorded instructions given, You shall provide a written statement under oath from the Person(s) who gave such instructions that details the specific content of the instructions and any Person(s) to whom the instructions were given.

21. No agreement purporting to modify, limit, or otherwise vary this Subpoena shall be valid or binding, and You shall not act in reliance upon any such agreement, unless a Deputy Attorney General confirms or acknowledges such agreement in writing, or makes such agreement a matter of record in open court.

## B. DEFINITIONS

1. "Advertisement" shall be defined in accordance with N.J.S.A. 56:8-1(a) and/or N.J.A.C. 13:45A-9.1, and Includes the Smith & Wesson Website, mailings, brochures, catalogs, periodicals, activity on Social Media, sponsored content, promotional materials, podcast content, and activity on the internet. This definition applies to other forms of the word "Advertisement," Including "Advertise(s)" and "Advertising."

2. "All" means each and every.

3. "Any" includes "all" and vice versa.

4. "Claim(s)" means All statements, representations, implications, messages, or suggestions made by Any Advertisement, commercial, endorsement, or other Communication.

5. "Communication(s)" means any conversation, discussion, letter, email, text message, Social Media message or post, memorandum, meeting, note, picture, post, blog, or any other transmittal of information or message, whether transmitted in writing, orally, electronically, or by any other means, and shall Include any Document that abstracts, digests, transcribes, records, or reflects any of the foregoing. Except where otherwise stated, a request for "Communications" means a request for All such Communications.

6. "Compensation" means a payment in monies, digital currency, or other items for a provision of Firearms, or other goods, services, or Merchandise.

6

7. "Concerning" means, directly or indirectly, in whole or in part, relating to, referring to, describing, evidencing, or constituting.

8. "Consumer(s)" refers to any Person who is offered Merchandise for Sale.

9. "Custodian" means any Person that, as of the date of this Subpoena, maintained, possessed, or otherwise kept or controlled a Document.

10. "Document(s)" Includes All writings, word processing documents, records saved as a .pdf, spreadsheets, charts, presentations, graphics/drawings, images, emails and any attachments, instant messages, text messages, phone records, websites, audio files, and any other Electronically Stored Information. Documents Include originals and non-identical duplicates. If a printout of an electronic record is a non-identical copy of the electronic version (for example, because the printout has a signature, handwritten notation, other mark, or attachment not included in the computer Document), both the electronic version in which the Document was created and the non-identical copy Document must be produced.

11. "Electronically Stored Information" means any Document or information stored or maintained in electronic format.

12. "Firearm(s)" shall be defined in accordance with N.J.S.A. 2C:39-1(f).

13. "Handgun(s)" shall be defined in accordance with N.J.S.A. 2C:39-1(k).

14. "Identify," "Identity," or "Identification" as applied to a Person, means to give, to the extent known, the Person's: (a) full legal name, any aliases, or d/b/a, former, or other names; (b) any parent, subsidiary, officers, employees, or agents thereof; (c) present or last known mailing and physical address(es), email address(es), and any telephone number(s); and (d) when referring to a natural Person, the present or last known place of employment.

15. "Include" and "Including" shall be construed as broadly as possible and shall mean "without limitation."

16. "Merchandise" shall be defined in accordance with N.J.S.A. 56:8-1(c) and/or N.J.A.C. 13:45A-9.1, and shall Include Firearms.

17. "New Jersey" refers to the State of New Jersey.

18. "New Jersey Consumer(s)" refers to Consumers who reside in New Jersey, maintain a New Jersey IP address, and/or maintain a New Jersey shipping address.

19. "Person(s)" shall be defined in accordance with N.J.S.A. 56:8-1(d).

20. "Policies" shall Include any procedures, practices, and/or established courses of action, whether written or oral.

21. "Retail Dealer(s)" shall be defined in accordance with N.J.S.A. 2C:39-1(l).

22. "Sale(s)" shall be defined in accordance with N.J.S.A. 56:8-1(e).

23. "Smith & Wesson" means Smith & Wesson Sales Co., Inc., a/k/a American Outdoor Brands Sales Co., a/k/a Smith & Wesson Corp. and any of their predecessors, successors, assigns, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all owners, directors, officers, shareholders, founders, partners, managers, employees, agents, servants, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, assigns, parents, subsidiaries, or affiliates of the foregoing.

24. "Smith & Wesson Website" means the websites located at https://www.smith-wesson.com/ and https://www.aob.com/, as well as any other website owned or controlled by Smith & Wesson through which it Advertises Merchandise.

25. "Social Media" means any websites and applications that enable users to create and store content or to participate in social networking, Including Facebook, Instagram, Snapchat, TikTok, Twitter, Pinterest, and YouTube.

26. "You" and "Your" mean Smith & Wesson.

27. The use of the singular form of any word used herein shall include the plural and vice versa. The use of any tense of any verb includes all other tenses of the verb.

28. As used herein, the conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information or Documents otherwise within the scope of this Subpoena. References to the singular include the plural and references to the plural include the singular.

8

## SCHEDULE A
## DOCUMENT REQUESTS

1. True, accurate, and complete copies of all Advertisements for Your Merchandise that are or were available or accessible in New Jersey Concerning home safety, concealed carry, personal protection, personal defense, personal safety, or home defense benefits of a Firearm, including a Smith & Wesson Firearm.

2. True, accurate, and complete copies of all versions and drafts of each Advertisement produced in response to Request No. 1 above.

3. All Documents Concerning any test, study, analysis, or evaluation considered or undertaken, whether by You, on Your behalf, or by a third party, which relates to, addresses, evaluates, proves, disproves, or substantiates any Claim made in the Advertisements produced in response to Request Nos. 1 or 2, Including Documents Concerning safety, risks, or performance of the Firearms depicted in such Advertisements.

4. All Documents Concerning the following topics:

   a. Whether Smith & Wesson Firearms can be legally carried and concealed by any Consumer, Including by New Jersey Consumers, while in New Jersey;

   b. Whether the concealed carry of a Firearm enhances one's lifestyle;

   c. Whether it is safer to confront a perceived threat by drawing a Firearm rather than seeking to move away from and avoid the source of the perceived threat;

   d. Whether having a Smith & Wesson Firearm or other Firearm makes a home safer;

   e. Whether Smith & Wesson Firearms are designed to be more safe, reliable, accurate, or effective than Firearms made by other Firearm manufacturers for use in personal or home defense or other activities; and

   f. Whether novice, untrained Consumers could successfully and effectively use a Smith & Wesson Firearm for personal or home defense.

5. All Documents, Including Policies, reports, and findings, Concerning any efforts by You to determine whether Your Advertisement of Merchandise complies with New Jersey law. If the Documents have changed over time, identify the time period during which each Document produced was used by or on behalf of You.

6. All Documents Concerning the public or personal health, safety, or other risks of: (a) keeping a Firearm in the home, (b) carrying a Firearm in public in New Jersey or elsewhere; or (c) drawing a Firearm in response to a perceived threat. Such Documents Include any studies, reports, news articles, surveys, or Communications, whether created by You, on Your behalf, or by a third party, Including Documents Concerning best practices for mitigating any such risks.

7. True and correct copies of Your organizational charts for each division (and each department therein) which were responsible for the creation, development, or approval of the Advertisements produced in response to Request Nos. 1 or 2, or the Advertising, marketing, promotion, or Sale of any Firearm depicted in such Advertisements.

8. All Documents, Including contracts, agreements, and Communications between You and any Advertising agency or any other Person employed or retained to assist You, or which did assist You, in creating, developing, approving, maintaining, marketing, or distributing any of the Advertisements produced in response to Request Nos. 1 or 2, Concerning such Advertisements, Including all Compensation provided by You for any such services.

9. All Documents Concerning All models of Firearms manufactured by You that were sold to New Jersey Consumers, and the total Compensation received by You for the Sale of Firearms manufactured by You that were sold to New Jersey Consumers.

10. All Documents, Including contracts and agreements, Concerning any arrangements with any Person, Including Retail Dealers, to sell Your Firearms or other Merchandise in New Jersey.

11. All Documents reflecting contracts, agreements, or arrangements with any Person, Including Retail Dealers, to use Your Trademark, Advertise Your Merchandise, or otherwise make statements about Your Merchandise or Firearms to Consumers, Including New Jersey Consumers.

12. All Documents Concerning:

    a. any agreement or authorization provided by Smith & Wesson to permit New Jersey Retail Dealers to include the Smith & Wesson logo or trademark, Smith & Wesson Advertisements, or links to the Smith & Wesson Website on their websites or in other Advertising or Communications;

    b. any coordination, assistance, training, or approval provided by Smith & Wesson to Persons in New Jersey, Including Retail Dealers, Concerning the Advertisement, marketing, promotion, and/or Sale of Smith & Wesson Firearms;

    d. any training or promotional materials (Including product displays and customer events) provided by Smith & Wesson to Persons in New Jersey, Including Retail Dealers, Concerning the Advertisement, marketing, and/or Sale of Smith & Wesson Firearms.

13. Documents Concerning Smith & Wesson's sponsorship, presence, or participation in any Firearm shows, exhibitions, or competitions held in New Jersey.

14. All contracts and agreements between You and any third parties Concerning the development, approval, and/or broadcast in whole or in part in New Jersey of the Advertisements produced in response to Request Nos. 1 or 2, Including all Compensation provided by You for any such services.

15. Documents Concerning any Communications by You or on Your behalf with any television network, cable television, digital media, Social Media, radio, or other commercial platform relating to the Advertisements available to or accessible by New Jersey Consumers which relate to the Advertisements produced in response to Request Nos. 1 or 2, Including drafts of such Documents.

16. Documents Concerning marketing strategies related to the Advertisements produced in response to Request Nos. 1 or 2, Including any efforts to distribute or display the Advertisements on the internet, any algorithms used for the Advertisements' distribution or dissemination, and any research used to Identify and/or target the Persons or demographics that the Advertisements would reach.

17. Documents Concerning any integrated marketing strategy using different Advertising venues to reach intended audiences and market Your Firearms in the United States, Including New Jersey.