UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SMITH & WESSON BRANDS, INC., et al, | : | |
| Plaintiffs, | : | Civil Action No. 20-19047 (JXN) (ESK) |
| v. | : | OPINION |
| GURBIR S. GREWAL, et al | : | |
| Defendants. | : | |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on two motions: (1) a motion by Defendants Gurbir S. Grewal ("Attorney General") and New Jersey Division of Consumer Affairs (collectively, "Defendants") to dismiss the Amended Complaint [ECF No. 17] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and based upon the abstention principles set forth by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), and subsequent cases; and (2) a motion for an order to show cause for a temporary restraining order and preliminary injunction by Plaintiffs Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson Inc. (collectively, "Plaintiffs" or "Smith & Wesson"), [ECF No. 41]. Having heard oral argument and in consideration of the parties' submissions, for the reasons set forth below and, on the record, Defendants' Motion to Dismiss [ECF No. 29] is **GRANTED** and Plaintiffs' Motion for an Order to Show Cause for a temporary restraining order and preliminary injunction [ECF No. 41] is **DENIED**.

## I.   BACKGROUND

The Court writes primarily for the parties who are familiar with the factual and procedural history in this case.[1] On October 13, 2020, the New Jersey Attorney General, Gurbir S. Grewal, served a subpoena *duces tecum* on Defendants Smith & Wesson. Amended Complaint ("Am. Compl."), ECF No. 17 ¶ 65. The subpoena requests, among other things, copies of all [a]dvertisements for [Smith & Wesson] [m]erchandise that are or were available or accessible in New Jersey [c]oncerning home safety, concealed carry, personal protection, personal defense, personal safety, or home defense benefits of a [f]ireams." Am. Compl., ¶ 74. The subpoena also seeks documents relating to tests conducted regarding claims of advertisement. *Id.*

The subpoena had a November 13, 2020 return date, which Defendants extended to December 14, 2020, at Smith & Wesson's request. Am. Compl., Ex. 1 at 54, Ex. 2 at 72. On December 14, 2020, in lieu of document production, Smith & Wesson responded in writing to Defendants, raising various constitutional objections to the document demands. *Id.* The following day, on December 15, 2020, Smith & Wesson initiated this lawsuit, wherein they similarly asserted constitutional objections to the subpoena. Complaint, ECF No. 1.

On February 12, 2021, Defendants commenced a summary action to enforce the subpoena in New Jersey Superior Court, asking the state court to direct production of the subpoenaed documents and to issue any other appropriate relief under the New Jersey Consumer Fraud Act ("CFA" or "Act"). Am. Compl., ¶ 127. Plaintiffs filed a response and cross-motion, again asserting constitutional challenges to the subpoena and the enforcement action. Scheideman Decl., Ex. 6, ECF No. 41-8.

---

[1] For a fuller recitation of the facts and procedural history, please see the Honorable Jodi Lee Alper, J.S.C. Opinion and Order filed on June 30, 2021, ECF No. 41-13.

On March 10, 2021, Smith & Wesson filed their Amended Complaint that reasserted substantially all the claims from the initial Complaint, added First Amendment claims and included claims that the subpoena enforcement action was filed in state court as "retaliation" for the filing of this federal case. Am. Compl., ¶ 133. Shortly thereafter, on April 26, 2021, Defendants moved to dismiss this federal action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and based upon the abstention principles set forth by the United States Supreme Court in *Younger*, 401 U.S. at 91. Brief on Behalf of Defendants' Motion to Dismiss ("Defs.' Br."), ECF No. 29-1.

On May 27, 2021, the parties appeared for oral argument in the Superior Court action before the Honorable Jodi Lee Alper, J.S.C. On June 30, 2021, Judge Alper issued an opinion and order granting Defendants' motion to enforce the subpoena and denying Smith & Wesson's motions to dismiss, stay or quash the subpoena. *See* Jodi Lee Alper, J.S.C, Opinion and Order ("Superior Court Op."), ECF No. 41-13.[2] In rejecting Smith & Wesson's constitutional arguments, Judge Alper explained that the subpoena was valid on its face and "neither bans speech nor does it 'directly regulate the content, time, place, or manner of expression.'" *Id.* at 14, 15 (citation omitted). In the court's order, Judge Alper directed Smith & Wesson to respond fully to the subpoena within thirty days. *Id.* at 2.

Following the entry of Judge Alper's order, Smith & Wesson filed a motion with the Superior Court to stay the state trial court's June 30, 2021 order pending Plaintiffs' appeal of the order. Following a hearing on the matter, Smith & Wesson's motion was denied. *See* Scheideman Decl., Ex. 14, ECF No. 41-16. On July 22, 2021, Smith & Wesson filed an application with the New Jersey Appellate Division to file an emergent motion to stay the June 30, 2021 Order pending

---

[2] For the sake of clarity, when citing to the Superior Court Opinion, the Court cites to the page numbers listed in the ECF header.

3

an appeal. Scheideman Decl., Ex. 16, ECF No. 41-18. The Appellate Division granted the application, set a briefing schedule, and issued an interim stay the same day. Scheideman Decl., Ex. 17, ECF No. 41-19. On July 29, 2021, the Appellate Division denied Plaintiffs' motion to stay execution of the state trial court's June 30, 2021 Order. Scheideman Decl., Ex. 30, ECF No. 41-32.

On July 30, 2021, Smith & Wesson, by way of an order to show cause, filed a motion for a temporary restraining order and preliminary injunction in the instant action. ECF No. 41. Smith & Wesson's current motion requests that this Court stay enforcement of the New Jersey Superior Court of Defendants' October 13, 2020 administrative subpoena until the threshold questions of its constitutionality are resolved by this Court. *Id.* at 1. Smith & Wesson argues that Plaintiffs will suffer irreparable harm by having its fundamental constitutional rights violated if production proceeds. *Id.*

## II.   LEGAL STANDARD

Defendants move to dismiss Plaintiffs' Amended Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, CIV. No. 12-03922 (RBK), 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). Because the Court finds that *Younger* abstention applies and requires dismissal, it will not recite the Rule 12(b)(6) standard.

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. *Gould Elecs.,*

4

*Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir. 1997)); *see United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Although courts generally treat a pre-answer motion under Rule 12(b)(1) as a facial challenge, *see Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983), a "factual challenge under Rule 12(b)(1) may be made prior to service of an answer" if the defendant contests the plaintiff's allegations. *Knauss v. United States DOJ*, No. 10–26–36, 2010 U.S. Dist. LEXIS 108603, at *6 (E.D. Pa. Oct. 7, 2010) (citing *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990)). When a defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Gould Elecs. Inc.*, 220 F.3d at 176–77.

### III. DISCUSSION

#### A. Younger Abstention

Smith & Wesson seeks entry of a temporary restraining order and a preliminary injunction staying the execution of the New Jersey Superior Court's July 30, 2021 Order. Pls. Br., ECF No.

5

41-1. Defendants argue that this Court should abstain from exercising jurisdiction in this action under *Younger* for multiple reasons, including that the subpoena-enforcement action involves orders in the furtherance of state court judicial function. Defs.' Br., ECF No. 29-1 at 12-13, 16. The Court agrees and will dismiss Plaintiffs' Amended Complaint.

The *Younger* abstention doctrine gives a federal court the "discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend the principles of comity by interfering with an ongoing state proceeding." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "[A]bstention rarely should be invoked," *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992), however, and is only appropriate "in a few carefully defined situations." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992). *Younger* abstention is only appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Id.* at 1200 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

In *Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69 (2013), the Supreme Court "narrowed *Younger*'s domain." *Malhan v. Sec'y of U.S. Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019). Consequently, a court must first determine whether the parallel state action falls within one of "three exceptional categories": (1) criminal prosecutions, (2) "certain civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 78.

6

To determine whether the *Younger* abstention applies, the Court will first analyze Defendants' contentions to determine whether the parties' state court action falls into one of the three exceptional categories described in *Sprint*. Then the Court will assess whether Defendants meet the *Middlesex* factors.

### *Civil Proceedings Involving Certain Orders Uniquely in Furtherance of the State Courts' Ability to Perform their Judicial Functions*

Defendants contend that "this Court should find the subpoena-enforcement action in New Jersey Superior Court involves 'certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions'—in particular, the ability to enforce state subpoenas." Defs.' Br. at 16 (citation omitted). Defendants further contend that "[b]ecause the State and its courts have critical interests in ensuring subpoena compliance, the State's motion in state court to enforce a subpoena 'requires [the court] to abstain under the third category of the *Younger* Doctrine[.]'" *Id.* at 17 (citations omitted). In opposition, Smith & Wesson argues that *Younger* abstention does not apply because "no . . . 'unique' order has issued in this case, let alone an order on the motion to compel." Pls.' Br. at 9, ECF No. 30.

As an initial matter, following the filing of the parties' submissions in connection with the Motion to Dismiss, the New Jersey Superior Court and Appellate Division have issued multiple opinions and orders in the subpoena-enforcement action. *See* Superior Court Op., ECF No. 41-13; *see also* Scheideman Decl., Ex. 30, ECF No. 41-32. Thus, Smith & Wesson's argument regarding this step of the *Younger* abstention analysis is moot.

This Court must determine whether ruling on Plaintiffs' application for a preliminary injunction and temporary restraining order would improperly interfere with the state court's "contempt process," and that "court's ability to perform its judicial functions." *Sprint*, 571 U.S. at 78; *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). The CFA authorizes

7

the New Jersey Superior Court to compel compliance with a subpoena issued by the Attorney General and adjudge persons in contempt of court. *See* N.J. Stat. Ann. § 56:8-6. Following full briefing and oral argument on the parties' disputes raised in the subpoena-enforcement action, which included Smith and Wesson's constitutional arguments, the Superior Court exercised its authority under the CFA and issued an order denying Smith and Wesson's motions and directing Smith & Wesson to comply with the Attorney General's subpoena. Superior Court Op., ECF No. 41-13 at 2; 41-14 at 2.[3] Smith & Wesson now calls on this Court to enjoin the ongoing state court litigation. ECF No. 41. A federal injunction in this case would not only interfere with the execution of the state court's judgment, but also interfere with the very process by which that judgment was obtained. Because this federal action would improperly interfere with "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial function," the Court finds that an "exceptional circumstance" exists to justify this Court's decision to exercise *Younger* abstention.[4] *Sprint*, 571 U.S. at 78; *see also Juidice*, 430 U.S. 327 (holding that a federal court should have abstained from adjudicating a challenge to a state's contempt process).

### *Middlesex Factors*

Having determined that the state court proceeding is exceptional, the Court will now assess whether the *Middlesex* factors are met. *See Greco v. Grewal*, Civ. No. 3:19-19145 (BRM) (TJB), 2020 WL 7334194, at *7 (D.N.J. Dec. 11, 2020); *see also Middlesex Cnty. Ethics Comm. v. Garden*

---

[3] Plaintiffs subsequently appealed that order to the New Jersey Appellate Division which was denied on July 29, 2021. *See* Scheideman Decl., Ex. 30, ECF No. 41-32.

[4] Because the Court finds that an exceptional circumstance exists to abstain from exercising jurisdiction under category three of *Younger*, the Court need not address Defendants' contention that the subpoena-enforcement action is a qualifying civil enforcement proceeding. *See* Defs.' Br. at 13.

8

*State Bar Ass'n*, 457 U.S. 423, 432 (1982). These factors require this Court to consider the following: (1) whether there is an ongoing judicial proceeding; (2) whether an important state interest is implicated in the state proceeding; and (3) whether the state proceedings provide an adequate opportunity to present constitutional arguments. *PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 879 (3d Cir. 2020) (citing *Middlesex*, 457 U.S. at 432).

Here, all three factors are met. First, the subpoena-enforcement action is "ongoing" as it is still being litigated in New Jersey State Courts. *See* ECF No. 41-1 at 12 ("Smith & Wesson is applying to the New Jersey Supreme Court for a stay"). Second, the state litigation involves a challenge to the state's contempt process, which authorizes courts to adjudge persons in contempt of court who fail to comply with a subpoena issued by the state's Attorney General. *See* Superior Court Op., ECF No. 41-13 at 10 ("This case *involves state interests* that overcome the consideration of comity raised by the first-filed rule.") (emphasis added). Third, there is nothing that precludes Smith and Wesson from raising their constitutional concerns in the New Jersey state courts, as evidenced by their multiple state court filings before the New Jersey Superior Court, Appellate Division and Supreme Court. *See* Scheideman Decl., Ex. 6, ECF No. 41-8; *Id.*, Ex. 16, ECF No. 41-18; *see also* Pls.' Br. at 12 ("Smith & Wesson is applying to the New Jersey Supreme Court for a stay"). This Court is confident that the state court can "fairly and fully adjudicat[e] the federal issues before it." *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975). Therefore, this Court must follow the dictates of *Younger* and its progeny and abstain from reaching the merits of Plaintiffs' claims.

### *Motion for an Order to Show Cause*

Because the Court abstains from exercising jurisdiction based on *Younger*, Smith & Wesson's motion for an order to show cause for a temporary restraining order and preliminary injunction is denied. The Court declines to consider the merits of Smith & Wesson's motion. *See, e.g., Luellen v. Luellen*, Civ. No. 12-496, 2013 WL 1182958, at *5 n.9 (W.D. Pa. Mar. 21, 2013) (denying motion for preliminary injunction where complaint is dismissed in its entirety).

## IV. CONCLUSION

For the reasons discussed herein, Defendants' Motion to Dismiss [ECF No. 29] is **GRANTED**. Plaintiffs' Amended Complaint [ECF No. 17] is **DISMISSED WITHOUT PREJUDICE**.[5] Plaintiffs' Motion for an Order to Show Cause for a temporary restraining order and preliminary injunction [ECF No. 41] is **DENIED**. Plaintiffs' request to stay the Court's Order pending an appeal is **DENIED**. An Appropriate order will follow.

DATED: August 2, 2021

Julien Xavier Neals
United States District Judge

---

[5] The Third Circuit has clarified when there is no merits-based decision, dismissal of a federal case "does not implicate claim preclusion or otherwise prevent [a plaintiff] from returning to federal court if [their] ongoing state prosecution concludes without a resolution of [their] federal claims." *Eldakroury v. Attorney Gen. of New Jersey*, 601 F. App'x 156, 158 (3d Cir. 2015). "Such a non-merits dismissal is by definition without prejudice." *Id.* (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001)). As the Court has not made a merits-based decision here, it will dismiss Plaintiffs' Complaint without prejudice. *See Zahl v. Warhaftig*, 655 F. App'x 66, 70-71 (3d Cir. 2016) (stating District Court's finding that *Younger* abstention operated as a dismissal with prejudice was "incorrect" and an "overly broad reading of our *Younger* abstention precedent").