

**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, Pennsylvania 19103-7300
www.dlapiper.com

Courtney Gilligan Saleski
Courtney.Saleski@dlapiper.com
T   215.656.2431
F   215.606.2046

April 11, 2022

*VIA PACER*

The Honorable Julien Xavier Neals, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

The Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, NJ 07102

> **Re:   Request for Status Conference and Rule 16 Conference**
> *Smith & Wesson v. Grewal et al.*, **No. 20-cv-19047**

Dear Judge Neals and Magistrate Judge Kiel:

We represent Smith & Wesson in the above-referenced matter. The U.S. Court of Appeals for the Third Circuit issued its mandate on April 1, 2022, transferring jurisdiction back to this Court. Accordingly, Smith & Wesson respectfully requests a status conference with the Court.

Smith & Wesson also respectfully requests a Rule 16 scheduling conference with Magistrate Judge Kiel. The Attorney General's motion to dismiss already has delayed this litigation for a year and a half. During that time, the former Attorney General took a new position. Further delay in discovery may result in witnesses' memories fading, the failures in retention of important documentary evidence, and other key witnesses leaving their positions. By contrast, in the state-court proceedings, the Attorney General is insisting upon discovery meet-and-confers as that matter is pending on appeal.

Any further delay in discovery here threatens to create substantial prejudice given the number of potential witnesses and relevant communications and documentary evidence. Smith & Wesson's Complaint alleges a coordinated effort between the Attorney General and multiple third-party organizations. This posture magnifies the potential harm inherent in the Attorney General's delay strategies. A Rule 16 conference and the initiation of discovery will permit Smith & Wesson to investigate its claims in a timely manner, which will ultimately reduce the burden on the Court and speed the resolution of this matter.



April 11, 2022
Page Two

      The Attorney General's motion to dismiss should be no barrier to discovery.  In its motion, the Attorney General merely argues that Smith & Wesson has not stated legally viable claims.  Those assertions are untenable, or at least highly suspect, in light of the Third Circuit's reasoning that "[f]ederal law authorizes just such a civil action [as this one] (*i.e.*, one alleging that the Attorney General violated the company's constitutional rights)."  *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 27 F.4th 886, No. 21-2492, 2022 WL 711244, at *4 (3d Cir. 2022) (citing 42 U.S.C. § 1983).  Judge Matey's concurring opinion further emphasizes the substantial nature of the constitutional issues pending before this Court—issues that were given inadequate or no consideration in the subsequently filed, expedited summary action prosecuted by the Attorney General in the New Jersey state court.  Judge Matey observed that the facts of this case "present novel questions at the crossroads between the guarantees in the First and Second Amendments."  *Id.* at *7.  Judge Matey noted that the questions raised by Smith & Wesson were substantial, stating that the Attorney General's aggressive investigation tactics have the potential to chill the exercise of constitutional rights in the future; "*[o]ne might suspect that [chilling these rights] is the whole point.*"  *Id.* (emphasis added).[1]

      In light of the Third Circuit's opinion, there can be no doubt that Smith & Wesson has stated viable federal constitutional claims that will survive the Attorney General's motion to dismiss.  This case is ripe for discovery and delay will only prejudice Smith & Wesson's ability to collect evidence and prosecute its meritorious claims.

      Thank you for your attention to this matter.

                                                                           Respectfully submitted,

                                                                         */s/ Courtney Gilligan Saleski*
                                                                         Courtney Gilligan Saleski

---

[1] The U.S. Court of Appeals for the Fifth Circuit recently issued a precedential opinion in a case brought by two firearms organizations against the New Jersey Attorney General and others.  As happened here, the firearms organizations petitioned to protect their constitutional rights in federal court.  *See Def. Distributed v. Bruck*, — F.4th —, No. 21-50327, 2022 WL 984870, at *6 (5th Cir. Apr. 1, 2022).  The Court noted that New Jersey Attorney General's "tactics suggest[ed] the abusive manipulation of federal court procedures in order to delay or altogether avoid meaningful merits consideration of [the federal] Plaintiffs' claims."  *Id.*; *see also id.* at *1 n.1 ("These [organizations'] First Amendment freedoms have been restrained for years.").