

**State of New Jersey**

| | | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 116<br>TRENTON, NJ 08625-0116 | MATTHEW J. PLATKIN<br>*Acting Attorney General* |
| SHEILA Y. OLIVER<br>*Lt. Governor* | | MICHELLE L. MILLER<br>*Director* |

April 19, 2022

**VIA ECF**

Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Bldg.
2 Federal Square
Newark, New Jersey 07101

      Re:   *Smith & Wesson Brands, Inc. v. Gurbir S. Grewal, et al.*
             Docket No. 20-cv-19047-JXN-ESK

Dear Judge Kiel:

      This office represents Defendants in the above-referenced matter. Pursuant to Your Honor's Letter Order of April 14, 2022 (ECF 56), Defendants respectfully request leave to file a supplemental motion to dismiss or stay this matter. In support of such a motion, Defendants intend to submit briefing addressing the preclusive effect of the New Jersey Superior Court, Chancery Division's June 30, 2021 final judgment in the state court subpoena-enforcement matter. That judgment, which is on appeal to the New Jersey Appellate Division as a final appealable order, is fully briefed before that court. Because "the pendency of an appeal does not affect the potential for res judicata flowing from an otherwise-valid judgment," *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009), the presence of a prior final state court judgment has preclusive effect on this litigation. That ultimately requires this Court to stay or dismiss this litigation. *See id.* (explaining that when two cases are proceeding addressing the same issue, courts should either "postpon[e] decision on the question of preclusion in a second action until the appeal of the first judgment has been concluded" by staying the



lawsuit entirely, or give the judgment "preclusive effect" immediately "even though an appeal is pending").

In their proposed supplemental filing, Defendants will also argue that this Court should stay discovery pending resolution of the preclusion issues and the fully-briefed motion to dismiss on the merits of Plaintiffs' constitutional claims. *See Glunk v. Noone*, 689 F. App'x 137, 140 (3d Cir. 2017) (holding district court properly stayed discovery while motion to dismiss based on res judicata was pending); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (holding it "appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile"). Commencing factual discovery before this Court decides dispositive issues would entail unnecessary expenditure of considerable funds and time by the parties and the Court.

Accordingly, Defendants also request that the May 9, 2022 Rule 16 conference be adjourned pending briefing on the motion to stay.

Thank you for your kind consideration of this submission.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF
 NEW JERSEY

By: /s/ Robert J. McGuire
Robert J. McGuire
Deputy Attorney General

cc: All counsel (via ECF)