

**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, Pennsylvania 19103-7300
www.dlapiper.com

Courtney Gilligan Saleski
Courtney.Saleski@dlapiper.com
T   215.656.2431
F   215.606.2046

April 25, 2022

*VIA PACER*

The Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, NJ 07102

**Re:**     *Smith & Wesson v. Grewal et al.*, No. 20-cv-19047

Dear Magistrate Judge Kiel:

We write on behalf of Smith & Wesson in response to the Attorney General's April 19, 2022, letter that seeks leave to file a second motion to dismiss or stay this matter based on purported preclusion grounds, and to stay discovery "pending resolution of the preclusion issues and the fully-briefed motion to dismiss on the merits," and asks the Court to vacate the May 9th Rule 16 conference. Leave should be denied because this is just another attempt to delay these proceedings and deny Smith & Wesson its day in court and, in any event, the summary, expedited state-court proceeding does not have preclusive effect for the reasons explained below.

The Third Circuit's opinion stated *more than a month ago* that "[f]ederal law authorizes . . . civil action[s] . . . alleging that the Attorney General violated [Smith & Wesson's] constitutional rights." *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 27 F.4th 886, 892-93 (3d Cir. 2022). In response to Smith & Wesson's subsequent request for discovery, and having considered the Attorney General's opposition, this Court promptly set a scheduling conference and ordered the parties to submit a Joint Discovery Plan and status report regarding the state-court proceeding. ECF Nos. 56 & 57.

The Attorney General, however, has now refused to comply with this Court's order and is attempting to upend this Court's schedule and further delay this action. The Attorney General's conduct here—as the Fifth Circuit recently noted with respect to the Attorney General's litigation actions—is nothing more than "tactics suggesting the abusive manipulation of federal court procedures in order to delay or altogether avoid meaningful merits consideration." *Defense Distributed v. Bruck*, — F.4th —, 2022 WL 984870, at *6 (5th Cir. Apr. 1, 2022). Nothing illustrates this point more than the fact that the Attorney General announced his refusal to abide by this Court's April 14th Order. Specifically, after Smith & Wesson provided its Initial Disclosures as expressly ordered by the Court, the Attorney General informed Smith & Wesson that it refuses to do the same, and the Attorney General will not engage in any Rule 26 meet and confer or participate in the creation of a Joint Discovery Plan, all as ordered by the Court. *See* Ex. A.  To be clear, this Court's Order



April 25, 2022
Page Two

required immediate disclosures and required a meet and confer on or before April 25, but the Attorney General—who has not asked for any emergent relief from this Court—has determined that he need not comply with that Order since he filed a letter.  This Court should reject the Attorney General's attempt to further delay Smith & Wesson's adjudication of its federal and constitutional claims.

Leave should also be denied because any supplemental motion to dismiss or stay on preclusion grounds would be futile for a number of reasons.  By way of limited example, under New Jersey law, there is no preclusive effect under the doctrine of *res judicata* for a defendant in a summary action because leave of court is required to file a counter-claim.  N.J. Ct. R. 4:30A (providing that the entire controversy doctrine does not apply to summary actions); *see also* N.J. Ct. R. 4:67-4(a) (cited by Rule 4:30A).  Since the Attorney General filed a summary action in New Jersey court, he cannot now rely on *res judicata*.

In yet another example, collateral estoppel would not apply here because of the New Jersey summary action's procedural and substantive differences from the suit at bar—including the expedited, summary nature of a narrow subpoena enforcement action versus a federal suit to protect fundamental constitutional rights, the "substantially disparate opportunities for discovery[,] and differing burdens in the two proceedings."  *Sprecher v. Graber*, 716 F.2d 968, 972 (2d Cir. 1983); *see also Yanping Chen v. FBI*, 435 F. Supp. 3d 189, 196 (D.D.C. 2020) (similarly holding there was no preclusion in context of a search warrant proceeding that offered no discovery mechanism on a separately filed Privacy Act claim); *Taggart v. U.S. Dep't of Justice*, No. 16-04040, 2017 WL 319062, at *11 (E.D. Pa. Jan. 20, 2017) (recognizing that the "heavy burden" placed on those seeking to preclude enforcement of a civil investigative demand made estoppel based on those proceedings inappropriate in a retaliation action related to the same demand).

Moreover, the Attorney General's request boils down to a belated second motion to dismiss on equitable grounds that were available to him *before* the Court dismissed this case.  Once the New Jersey state court issued its decision on June 30, 2021, the Attorney General had an obligation to amend the grounds of his original Rule 12 motion to add these new defenses (inapplicable though they are) "as far in advance of the hearing on the motion as possible."  Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1389 (3d ed.); *see also Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015).  Equity, at this point, favors merits discovery and adjudication where the Attorney General's dilatory and "less-than-forthcoming" litigation tactics "suggest[] that careful review of New Jersey's entire investigation is warranted."  *Smith & Wesson Brands*, 27 F.4th at 897 n.4 (Matey, J., concurring).

Additionally, the Court should not allow the Attorney General leave to seek such equitable relief because he is presently defying this Court's Order to produce initial disclosures immediately and engage in a timely Rule 26(f) conference.  *See* Ex. A.  If any action by the Court is warranted under the circumstances here in the interest of justice, that action is governed by Rule 37, which



April 25, 2022
Page Three

recognizes the Court's inherent power to enforce its own orders where, as here, a litigant has summarily disregarded them. Fed. R. Civ. P. 37(b)(2)(A); *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 249 (3d Cir. 2014); *Bender v. Prairie State Bank & Tr.*, No. 18-CV-3252, 2020 WL 10355123, at *2 (C.D. Ill. Feb. 13, 2020), *report and recommendation adopted*, No. 18-3252, 2020 WL 10355122 (C.D. Ill. Mar. 3, 2020). The Attorney General's refusal to comply with this Court's Order should never be rewarded with equitable relief.

The request for leave to file a motion to stay or stay discovery should also be denied because there is no good cause for further delay. "[T]he stay of a civil proceeding constitutes an extraordinary remedy." *Eye Care Ctr. of N.J., P.A. v. Twin City Fire Ins. Co.*, No. 20-CV-05743, 2020 WL 7227186, at *2 (D.N.J. Nov. 20, 2020) (Kiel, J.) (internal quotation marks omitted). The meritless preclusion arguments do not even come close to supporting this extraordinary remedy, especially when viewed in light of the Attorney General's manipulative, lawless litigation tactics. The Attorney General cites to a single precedential case to support his argument that this case should be stayed on preclusion grounds. ECF No. 58. However, in that case, the claims in the prior suit were "identical" to the action pending before the Third Circuit, which is clearly not the situation here where the subpoena enforcement action presented claims that are different than this federal constitutional action. *See United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 174 (3d Cir. 2009).

And this Court has repeatedly explained that "the filing of a dispositive motion does not constitute 'good cause' under Rule 26(c) to stay discovery." *Morgan v. Quest Diagnostics Inc.*, No. 20-CV-00430, 2020 WL 7183503, at *1 (D.N.J. June 8, 2020). Rather, the court must weigh competing interests to determine whether "the interests of justice" mandate "such action." *Eye Care Ctr. of N.J.*, 2020 WL 7227186, at *2 (staying discovery where, among other things, defendant was *likely to prevail* on dispositive motion). Under no set of circumstances would "the interests of justice" mandate "such action" at this time. Justice has been delayed long enough. In fact, the Attorney General is lawlessly delaying justice at this very moment by refusing to comply with the operative Court Order. As Judge Matey stated in his concurring opinion: "For more than sixty years, New Jersey's Attorney General enjoyed the powers of the Consumer Fraud Act to protect the public from misleading advertising. . . . Now, for the first time, the State seeks to apply the Consumer Fraud Act to supplement [firearms advertising] restrictions, waving aside concerns about the protections of the First and Second Amendment rights of New Jersey residents in, as always, the name of 'safety.'" *Smith & Wesson Brands*, 27 F.4th at 896 (Matey, J., concurring).

The Attorney General's claim that discovery will expend resources is of no moment since the pending request for leave does not justify a stay. But, in any event, this is of the Attorney General's own making because the Attorney General issued this unconstitutional subpoena in 2020 and has never pointed to a single emergent need for addressing something that, according to the subpoena, has existed for more than ten years. Moreover, the Attorney General wholly fails to address the



April 25, 2022
Page Four

concerns raised in Smith & Wesson's April 11, 2022, letter regarding the substantial prejudice the company will suffer if discovery is further delayed because the prejudice is obvious.

The Attorney General instead cites two non-precedential Third Circuit opinions that are distinguishable. *Glunk v. Noone* involved a pro se plaintiff who had filed two suits (in separate federal district courts) challenging the same medical board decision—that is far from the procedural posture of this matter. 689 F. App'x 137, 139-40 (3d Cir. 2017). Even further afield is *Mann v. Brenner* where the Court explained that discovery may be stayed where it would be futile. 375 F. App'x 232, 239 (3d Cir. 2010). Here, in light of the Third Circuit's opinion, Judge Matey's concurrence, and the detailed factual allegations contained in the Amended Complaint, it is incredible that the Attorney General is implying he can prove that discovery would be futile.

This Court should reject the Attorney General's latest attempt to delay this case and avoid his discovery obligations. This case should not be delayed, stayed, or dismissed. The Attorney General's relentless efforts to preclude Smith & Wesson from having its day in court are unfair and an interference with the company's First Amendment right to petition.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Courtney Gilligan Saleski*
Courtney Gilligan Saleski

# Exhibit A

**Saleski, Courtney**

---

| | |
|---|---|
| **From:** | Robert McGuire <Robert.McGuire@law.njoag.gov> |
| **Sent:** | Thursday, April 21, 2022 5:16 PM |
| **To:** | Scheideman, Edward; Chanel VanDyke; Mayur Saxena |
| **Cc:** | Saleski, Courtney; Strongosky, Christopher |
| **Subject:** | RE: Smith & Wesson Initial Disclosures - Smith & Wesson, et al., v. Gurbir S. Grewal, et al.; Case No: 2:20-CV-19047 |

---

⚠ EXTERNAL MESSAGE

Thank you for your email.  As you are aware, this office sent a letter to Magistrate Judge Kiel on April 19, 2022, ECF 58,  in which we requested leave to file a motion to stay this case and also requested that the Rule 16 conference scheduled for May 9, 2022, be adjourned (which would obviate the need to provide initial disclosures and/or to meet and confer to discuss a proposed joint discovery plan). Until we have received a response from the Court indicating that the May 9 conference will not be adjourned, we will not be serving Rule 26 disclosures or scheduling a meet and confer session, which will be unnecessary if the Court grants the requests in our letter.  – Rob

**PRIVILEGED AND CONFIDENTIAL**



**Robert J. McGuire**
Deputy Attorney General
Tort Litigation & Judiciary Section
25 Market St. | P.O. Box 116| Trenton, N.J. 08625
t: 609-376-2787 | f: 609-633-7434
email: Robert.McGuire@law.njoag.gov
**Secretary: Kathy Segura (609) 376-2819**

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.

---

**From:** Scheideman, Edward <edward.scheideman@us.dlapiper.com>
**Sent:** Thursday, April 21, 2022 10:44 AM
**To:** Robert McGuire <Robert.McGuire@law.njoag.gov>; Chanel VanDyke <Chanel.VanDyke@law.njoag.gov>; Mayur Saxena <Mayur.Saxena@law.njoag.gov>
**Cc:** Saleski, Courtney <Courtney.Saleski@us.dlapiper.com>; Strongosky, Christopher <Christopher.Strongosky@us.dlapiper.com>
**Subject:** [EXTERNAL] Smith & Wesson Initial Disclosures - Smith & Wesson, et al., v. Gurbir S. Grewal, et al.; Case No: 2:20-CV-19047

Robert,

Per the Court's April 14 Order, please let us know when you are available to meet and confer this Friday from 11:00 AM onward or, alternatively, this Monday from 9:00-10:00 AM, or from 11:00 AM onward.

We are also serving our Initial Disclosures per the Court's order that we immediately do so.  We trust that we will receive your Initial Disclosures sufficiently in advance of our meet and confer.  Please let us know when to expect them.

Best,

Ed


**Edward Scheideman**
Partner

**T** +1 202.799.4534
**F** +1 202.799.5534
**E** edward.scheideman@dlapiper.com



DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
United States
www.dlapiper.com


The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.