

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

## State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 116
TRENTON, NJ 08625-0116

MATTHEW J. PLATKIN
*Acting Attorney General*

MICHAEL T.G. LONG
*Director*

July 22, 2022

**VIA ECF**

The Honorable Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:  *Smith & Wesson Brands, Inc. v. Gurbir S. Grewal, et al.*
           Docket No. 20-cv-19047-EP-ESK

Dear Judge Padin:

Pursuant to Your Honor's Order dated July 8, 2022, ECF 72, the parties hereby submit this requested joint status letter.

### 1. Brief Description of the Claims (drafted by Smith & Wesson)

This case arises from the New Jersey Attorney General's use of a subpoena and his investigatory powers to suppress disfavored First Amendment opinions regarding Second Amendment rights as well as Second Amendment rights themselves. The case is on remand from the Third Circuit, which held in a precedential opinion that the District Court erred by granting the Attorney General's motion to dismiss on the grounds of *Younger* abstention. Smith & Wesson's 51-page Amended Complaint contains extensive factual pleadings alleging that the Attorney General's administrative subpoena (the "Subpoena") was issued and his



HUGHES JUSTICE COMPLEX • TELEPHONE: 609-376-2787 • FAX: 609-633-7434
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

investigation has been undertaken because Smith & Wesson advocates for a different viewpoint on Second Amendment issues than that held by the Attorney General.

Smith & Wesson has pled eight claims for violations of the First and Second Amendments to the U.S. Constitution (Counts I to VIII). To summarize, the investigation, as shown on the face of the Subpoena, is focused on First Amendment expression of opinions concerning issues of Second Amendment debate, such as lifestyle choices, safety, self-defense, and the constitutional right to carry firearms. This focus on opinion as well as the Attorney General's retaliatory lawsuit and ongoing targeting of Smith & Wesson constitute classic viewpoint discrimination, which the Constitution expressly forbids. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). As to the Second Amendment claims, the Supreme Court recently held in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2156 (2022), that the Second Amendment protects the right to public carry for self-defense because it incorporates "'an interest balancing by the people'" that demands "unqualified deference." 142 S. Ct. at 2131 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 636 (2008)). The Attorney General predicates the "fraud" investigation on statements that firearms are useful for safety or self-defense. But *Bruen* shows that safety and self-defense are central components of the Second Amendment, and therefore, advocacy related to such opinions cannot form the basis of a fraud claim.

Smith & Wesson's other claims focus on the Attorney General's decision to treat Smith & Wesson differently from other businesses (Count IX), the violation of due process inherent when a biased prosecutor targets disfavors companies for investigation (Count X), the unreasonable search and seizure inherent in the unconstitutional Subpoena (Count XI), the Attorney General's violation of the federal preemption law (Count XII), and the violation of the Dormant Commerce Clause inherent in the Attorney General's burden on interstate commerce (Count XIII). The Amended Complaint alleges that the Attorney General frequently expressed hostility to Second Amendment rights generally, and Smith & Wesson in particular, such as vowing to "turn up the heat" on Smith & Wesson and publicly (and falsely) associating Smith & Wesson with "gun crimes."

Smith & Wesson seeks injunctive and declaratory relief to stop the unconstitutional investigation and for return of corporate documents that have been produced pursuant to the unlawful Subpoena.

## 2. **Brief Description of the Defenses (drafted by the State)**

The State maintains that the decision to issue an administrative subpoena to investigate whether certain advertisements mislead New Jersey's constituent consumers in no way offends the Constitution, and that the suit should be dismissed for failure to state a claim. Further, the State maintains that preclusion principles require this Court to stay or dismiss the pending litigation because on June 30, 2021, a New Jersey state court issued a final judgment rejecting the same constitutional arguments Smith & Wesson asserts here.

On or about October 13, 2020, the Attorney General of New Jersey and the Division of Consumer Affairs ("Division") served an administrative subpoena on Smith & Wesson pursuant to the Consumer Fraud Act ("CFA"). Like many CFA subpoenas, the subpoena requested documents that would allow the Attorney General and Division to investigate whether Smith & Wesson violated the CFA by making misstatements or knowing omissions to New Jersey consumers about the safety, benefits, effectiveness, and legality of its products. First enacted in 1960, the CFA is "intended to confer on the Attorney General the broadest kind of power to act in the interest of the consumer public." *Kugler v. Romain*, 279 A.2d 640, 648 (N.J. 1971).

Following an action to enforce the subpoena filed by the Division in New Jersey Superior Court, Chancery Division, Smith & Wesson cross-moved to dismiss, stay or otherwise quash the subpoena. (*See* ECF No. 66-2 Exs. B, C). In their motion, Smith & Wesson asserted the same constitutional objections raised in the instant lawsuit. On June 30, 2021, the state court rejected Smith & Wesson's arguments and ruled in favor of the State. (*See* ECF No. 44-1 Ex. B. at 30). Smith & Wesson subsequently filed an appeal with the New Jersey Appellate Division. (*See* ECF No. 66-2 Ex. F). The appeal of the Chancery Division's order is fully briefed and remains pending.[1] Given the ruling by the New Jersey Superior Court as well as the pending appeal, Defendants have moved to dismiss or stay this federal case based on preclusion principles. (*See* ECF No. 66). Defendants also argue that this Court should stay discovery pending resolution of dispositive motions to dismiss. (*Id.*). As noted below in subsection 4, the motion is fully briefed.

---

[1] The parties submitted an update letter to this Court on May 4, 2022, on the status of the state court litigation. (*See* ECF No. 62).

In addition, Defendants have moved to dismiss Smith & Wesson's complaint for failure to state a claim. (*See* ECF No. 29).[1] Defendants maintain that the Division's issuance of an informational subpoena under the CFA to protect residents from fraud does not inhibit lawful speech, anyone's right to bear arms, equal protection of the laws, or any other right. *See Ohio Civil Rights Comm'n v. Dayton Christian Sc., Inc.,* 477 U.S. 619, 628 (1986) (noting State "violates no constitutional rights by merely investigating" potentially unlawful conduct). Defendants contend that the facts pleaded fall far short of plausibly alleging that Smith & Wesson was targeted because of the product it sells. *See, e.g., Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. 3d 679 (S.D.N.Y. 2018). As noted below in subsection 4, this motion to dismiss also is fully briefed.

### 3. Status of Discovery

Smith & Wesson has served initial disclosures. (*See* ECF Nos. 56.) No additional discovery has occurred to date. On May 9, 2022, and July 19, 2022, Magistrate Judge Edward S. Kiel informed the parties that no further discovery would take place in this matter until this Court ruled on the pending motions to dismiss and/or the motion to stay discovery, or until further order of the Court.

### 4. Pending Motions

- Defendants have moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. (*See* ECF No. 29). In addition, Defendants have moved to dismiss or for a stay of the case, as well as a stay of discovery, based on preclusion principles. (*See* ECF No. 66.) Briefing on those motions is complete.

---

[1] Judge Neals granted the Motion to Dismiss on *Younger* abstention grounds only and did not reach the Fed. R. Civ. P. 12(b)(6) bases for dismissal for failure to state a claim. (*See* ECF Nos. 46 & 47). After the Third Circuit reversed the *Younger* abstention decision, it remanded to this Court. (*See* ECF Nos. 52 & 53). The Rule 12(b)(6) motion thus remains pending.

- Smith & Wesson has moved for leave to file a sur-reply brief in further opposition to Defendants' various motions. (*See* ECF No. 71.) Defendants have filed a response. (*See* ECF No. 73).

5. **Status of Settlement Discussions**

The parties have not engaged in settlement discussions and are not interested in a settlement conference at this time.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF
 NEW JERSEY

By: /s/ Stephanie J. Cohen
Stephanie J. Cohen
Assistant Attorney General

cc: All counsel (via ECF)